## C. AULTMAN & CO.

### v.

### FRANK X. WIRTH AND JOHN G. WIRTH.

*Judgments and Decrees—Judgment for "Plaintiff" in Action by Two Plaintiffs—Fatally Indefinite.*

In an action by two parties as plaintiffs, a verdict was rendered for the "plaintiffs," and after motion for new trial was overruled. the court ordered judgment for "the plaintiff," without specifying which plaintiff; the judgment was fatally defective.

[Opinion filed December 7, 1892.]

APPEAL from the Circuit Court of Wabash County; the Hon. S. Z. LANDES, Judge, presiding.

Messrs. BELL & CONGER, for appellants.

Messrs. MUNDY & ORGAN, for appellees.

MR. JUSTICE GREEN. This suit was originally commenced

by Frank X. Wirth, one of the appellees, against appellants, to recover for a breach of the warranty of a star engine and machinery sold by appellants, which warranty was set forth in the written contract of sale which was signed by said Frank X. Wirth and J. G. Wirth. The declaration was afterward amended by joining J. G. Wirth as plaintiff, and upon this amended declaration the cause was tried and a verdict was returned for plaintiffs. Defendants entered their motion for a new trial, which was overruled, and the court thereupon, as appears by the record, " ordered, adjudged and decreed that plaintiff have judgment upon the verdict." Judgments to be operative and valid must be certain as to the party against whom the same is rendered. The judgment in this case is for plaintiff, but which of the two plaintiffs is meant does not appear.

It is suggested on behalf of appellees that the evidence shows John G. Wirth did not buy the engine nor own any part of it, but at the request of appellants' agent and only for accommodation, signed the contract, and as surety signed one of the notes, and any judgment would be settled by payment, and that would bar either Frank or John G. Wirth in the future; this is hardly a sufficient answer to the objection that the judgment is so uncertain that the person who would be entitled to receive payment and satisfy it can not be determined, nor can it be determined either in whose name an execution under such judgment may issue. If a suit can be maintained for a breach of warranty against appellants by appellees, and it is desired that Frank X. Wirth should receive the entire benefit of the recovery, he could be made plaintiff and John G. Wirth could be joined with him as plaintiff suing for the use of Frank X. Wirth. It was error also to give instructions one and two for plaintiffs. The judgment, if any ought to have been entered upon the verdict, should have been for plaintiffs. We refrain from commenting on the evidence, as the case will be tried before another jury. For the error in entering said judgment in the form it appears in the record, and in giving said instructions for plaintiff, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*