428     APPELLATE COURTS OF ILLINOIS.

VOL. 50.]   Fuller Watchman's Electrical Detector Co. v. Louis.

# Fuller Watchman's Electrical Detector Company v. Louis.

1. JUDGMENT—*Form.*—The following : " Whereupon it is considered by this court have and recover of said defendant the sum of, " etc., is no judgment, not being for or in favor of anybody.

2. . JURISDICTION—*Appeals.*—An appeal from a void judgment of a justice's court to the Circuit Court, gives the latter jurisdiction to try the case *de novo.*

3. APPEALS—*Damages on Dismissal.*—An appeal having been taken from a void judgment rendered by a justice of the peace to the Circuit Court, *it was held* that the latter court might dismiss either the appeal or the suit for good cause; but in dismissing the appeal the court could not award damages under Sec. 71, Ch. 79, R. S., upon the amount of the judgment before the justice, as there was no judgment in legal effect.

**Memorandum.**—Assumpsit. In the Circuit Court of Cook County; the Hon. SAMUEL P, McCONNELL, Judge, presiding. Appeal dismissed for want of prosecution. Appeal. Heard in this court at the March term, A. D. 1893. Reversed and remanded. Opinion filed June 30, 1893.

The opinion states the case.

HENRY D. BEAM and DAVID CARR ALDRICH, attorneys for appellant.

W. D. CARLILE, attorney for appellee.

OPINION OF THE COURT, GARY, P. J.

January 5, 1892, in a case where the appellee was plaintiff and the appellant was defendant, a justice of the peace entered upon his docket, " whereupon it is considered by this court have and recover of said defendant the sum of," etc. .

That is no judgment; not being for, or in favor of, anybody; but the appellant appealed to the Circuit Court.

That appeal gave to the Circuit Court jurisdiction to try the case *de novo;* Coulterville v. Gillen, 72 Ill. 599; and it might dismiss either the appeal or the suit for good cause;

but in dismissing the appeal the court could not award, under Sec. 71, Ch. 79, R. S., damages upon the amount of the judgment before the justice, when there was no judgment in legal effect.    Nevertheless the court did dismiss the appeal for want of prosecution and award twenty dollars damages. The appellant moved to set aside the order and judgment; upon what ground, the record here leaves to conjecture.    A good ground for setting aside the award of damages is, that there was no judgment by the justice on which to found any damages, and a good ground for going further and setting aside the order dismissing the appeal is, that the defendant asked for it, and the appellee needs it, that he may, if he has a good cause of action, obtain what shall be really a judgment upon it, in the Circuit Court.    That all this may be done, the judgment of the Circuit Court, denying the appellant's motion to set aside the order and judgment, is reversed and the cause remanded.