# CASES

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—AUGUST TERM, 1893.

## C. Aultman & Co. v. Frank X. Wirth and J. G. Wirth.

1. WAIVER—*Of Contract by Acceptance of Notes.*—Aultman & Company sold an engine under a contract, conditioned, among other things, that the purchaser should give his notes for the same secured by chattel mortgage, but the notes being made and accepted by the company without mention of the mortgage, *it was held* that the provisions of the contract in this respect were waived.

2. SAME—*Of Notice Under the Provisions of a Contract of Warranty.* —Aultman & Company sold an engine under a contract of warranty, providing that a specific notice within a certain time, if the engine failed to fill the warranty, should be given. The engine did not fill the warranty and notice was given, but not according to the requirements of the contract. The company, however, received the notice without objection, and sent an employe to remedy the defects, and this was held to be a waiver of the insufficiency of the notice.

3. RESCISSION—*Of Contracts.*—Aultman & Company sold an engine under a warranty and took in payment notes of the purchasers. The engine failed to fill the warranty and the purchasers returned it, but received it again for further trial under the contract and gave it a further trial; they kept it from two to three months without notice to the company; "Left it out in Ramstead's field till the water came up so high it had to be moved," when they took it to town and left it near the place of business of the company's agent in a damaged condition. *It was held* that the purchasers were not then in a condition to rescind the contract, and recover the amount of the notes they had given with interest thereon.

4. JURY—*Duty to Find Facts.*—It is for the jury to find facts from the evidence under proper statements of the law as to every phase of the case presented by the evidence.

**Memorandum.**—Assumpsit. Breach of warranty. Appeal from the Circuit Court of Wabash County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1893. Reversed and remanded. Opinion filed June 23, 1894.

APPELLANT'S BRIEF, C. S. CONGER, ROBERT BELL AND FRANK W. BABCOCK, ATTORNEYS.

"Where a party bases his right to recover upon a contract containing conditions precedent or concurrent conditions to be performed by him, he must both allege and prove performance or a good offer to perform the conditions devolved upon him by the terms of the contract, before he can hold the other party liable for its breach." Dunham v. Pettee, 8 N. Y. 508; Case v. Vennum, 23 N. W. Rep. 563; Tiedeman on Sales, S. 213, p. 322, cases; Wendell v. Osborne, 63 Ia. 99, 18 N. W. Rep. 709; Bayliss v. Hennessey, 54 Ia. 11, 6 N. W. Rep. 46; Pitts v. Spitznogle, 54 Ia. 36, 6 N. W. Rep. 71; Davis v. Robinson, 67 Ia. 355, 25 N. W. Rep. 280; King v. Towsley, 64 Ia. 75, 19 N. W. Rep. 859; Prairie Farmer Co. v. Taylor, 69 Ill. 440; Abbott's Trial Ev. 313; Lewis & Jackson v. Hubbard, 69 Tenn. 436; Edgerly v. Gardner, 9 Neb. 130, 1 N. W. Rep. 1004, 1007; Plano Mfg. Co. v. Root, 54 N. W. Rep. 924; Nichols, Sheperd & Co. v. Larkin, 79 Mo. 264, 271; Russell v. Murdock, 79 Ia. 101, 44 N. W. Rep. 237; Nichols v. Knowles, 31 Minn. 489, 18 N. W. Rep. 413, 414; Worden v. Harvester Co., 11 Neb. 116, 7 N. W. Rep. 156; Fahey v. Esterly, etc., Mach. Co. (1893), 55 N. W. Rep. 530; Bishop on Cont., Secs. 586, 1422; 3 Am. and Eng. Encyc. L. 911, etc.; C. Aultman & Co. v. Wykle, 36 Ill. App. 293.

"A vendor engaging to warrant the quality, may make the warranty either absolute or conditional." Bomberger v. Griener, 18 Ia. 477.

"Where, in a contract of warranty, there are certain conditions precedent to be observed and performed by the purchaser, he must show a fair, reasonable compliance with the terms of the contract on his part, or he will not be permitted to enforce it against the warrantor." Nichols v. Hale, 4 Neb. 210; Edgerly v. Gardner, 9 Neb. 130, 1 N. W. Rep.

1004, 1007; Nichols, Sheperd & Co. v. Larkin, 79 Mo. 264, 271; Worden v. Harvester Co., 11 Neb. 116, 7 N. W. Rep. 156; Case v. Vennum, 23 N. W. Rep. 563.

"Before the purchaser after a sale can recover back the purchase price, on the theory of breach of warranty and rescission, he must fully perform all conditions precedent on his part to be performed, according to the terms of the warranty." Fahey v. Esterly, etc., Mach. Co., 55 N. W. Rep. 530.

It is a familiar principle that a party desiring to rescind a contract must act promptly and that delay which prejudices the other party will defeat the right to rescind. 21 Am. and Eng. Encyc. L. 77, etc.

One who voluntarily disables himself or puts it out of his power to carry out a contract, thereby breaks his contract, and becomes immediately liable, and can not enforce performance by the other party. Bishop on Contracts, Sec. 1426; Crist v. Armour, 34 Barb. 378; Smith v. Lewis, 24 Conn. 624, 63 Am. Dec. 180; Newcombe v. Brackett, 16 Mass. 161; Cooper v. Mowry, 16 Mass. 5, 7; Lovering v. Lovering, 13 N. H. 513; Delamater v. Miller, 1 Cow. 75; Wolfe v. Marsh, 54 Cal. 228.

Appellee's Brief, Mundy & Organ, Attorneys.

Waiver is where one in possession of any right conferred by law or contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right, or of his intention to rely upon it; he is said to have waived it, and he is precluded from claiming anything by reason of it afterward. Bishop on Contracts, 794, 795; Defenbaugh v. Weaver, 87 Ill. 132.

After the choice is made, and by words or acts expressed in manner suited to the case, he can not reverse it. He is said to have elected the one step and waived the other.

The waiver may be by acts after, the same as before default; as, where one acquiesces in the doing to-day of what ought to have been done yesterday. Bishop on Contracts,

pp. 797, 808; Low v. Pardee, 48 Ill. 466; Nibbe v. Braugh, 24 Ill. 268.

Mr. Justice Scofield delivered the opinion of the Court.

Appellants sold a twelve-horse power thresher engine to Frank X. Wirth and John G. Wirth, appellees, under a contract, whereby the engine was warranted to be made of as good materials and, with proper use and management, to do as good work as any other of its size, made for the same purpose, in the United States. Before the purchasers could avail themselves of this warranty, they were required to give a specific notice within a certain time if the engine failed to " fill the warranty," whereupon appellants were to have an opportunity to get to the machine and remedy the defect. If the engine could not then be made to " fill the warranty," the purchasers were to return it to the place where it had been received, and appellants were to furnish another engine which would do the work, or return the money or notes which had been given for the defective engine.

When the engine was delivered, notes, amounting in the aggregate to $1,100, were given in payment therefor. These notes, except as to the total amount thereof, were not strictly according to the letter of the contract, neither were they secured by a chattel mortgage on the engine as the contract required; but the rigorous provisions of the contract upon that question were waived when appellants accepted the notes, as they did, by compelling their agent at Mt. Carmel, contrary to his agreement with appellees, to forward the notes to the company at Canton, Ohio, and by retaining the notes in their possession as theirs under the contract.

There was evidence tending to show that the engine did not fill the warranty. Notice of this fact was given. It is alleged that the notice was not according to the requirements of the contract. However that may be, appellants received the notice and sent an employe to remedy the defects, which amounted to a waiver of the insufficiency of

the notice. Appellees insisted that the defects in the engine had not been remedied and so, in July, they returned the engine to Stayton, the local agent at Mt. Carmel, and demanded the notes.

Soon afterward the engine was put into the possession of Frank X. Wirth for trial again, and upon its failing to work satisfactorily, as he contends, it was left in the open air, exposed and unprotected, till some time in October, when it was used for hulling some clover seed, and then returned to Stayton at Mt. Carmel. Stayton refused to receive it, and the engine was left near his place of business.

It is said by appellees that the engine was forced upon them the second time, and that they did not receive it for trial again under the contract. We think, however, that there was evidence tending to show (and it is unnecessary for us to say more), that appellees did receive the engine for further trial under the contract, and did give it a further trial; that they kept it from two to three months without notice to appellants, or any of their agents, that it did not do satisfactory work, and without covering or protecting it in any manner whatever; that it was left for a time in Ramstead's field and was afterward moved by him into his yard. Frank X. Wirth swears as follows on this point: " He (Ramstead), left it there (in his yard) till the water was coming up around it; and when the water got up so high we thought we had better get it to town; so we got the engine out of there and brought it to Mt. Carmel." The evidence was uncontradicted that, at the last time when the engine was returned to Mt. Carmel, it was damaged, in consequence of the exposure, to the extent of from $300 to $650.

If the jury found the facts to be as above stated, and they could reasonably have done so under the evidence, then appellees were not in a condition in October to rescind the contract and recover the whole amount of the notes they had given with interest thereon.

To authorize such a recovery in such a case, appellees must have taken reasonably good care of the engine while it was in their possession. They could not suffer it to be un-

necessarily exposed to rain and sunshine, thus to become
rusted and otherwise injured to the extent of from one-
fourth to one-half of the price thereof, and then assert the
right to rescind the contract upon the same terms as if the
engine had not received such injury while it was in their
hands.    The citation of authorities in support of so plain a
proposition is deemed unnecessary.    In fact, upon the trial
of this case, counsel for appellees virtually admitted this to
be the law, but sought to parry the effect of the admission
by asserting that the rule was not applicable to the facts of
this case.    But it was for the jury to find the facts from the
evidence, under a proper statement of the law as to every
phase of the case presented by the evidence.

In view of the foregoing facts, it was error for the court
to give appellee's second instruction, which is as follows :

"If the jury believe from the preponderance of the evi-
dence that the plaintiffs purchased the machine in question
from the defendant, and that the defendant warranted it to
do as good work as any engine of the same size made for the
same purpose in the United States, and the weight of the
evidence shows that it failed to do so, by reason of some de-
fects in its construction, and that plaintiffs gave notice in
the manner and within the time required by the contract to
the defendant of that fact, and the defendant sent its em-
ployes to the engine to remedy the defect, and they failed
to remedy it, and the engine was returned to the place where
it was received as provided by the contract and the notes
given therefor demanded, and defendant refused or neglected
to return said notes and failed to furnish another engine to
do the work, then plaintiffs are entitled to recover the
amount for which said notes were given on the purchase of
the engine with interest at five per cent from the return of
engine."

Under this instruction, which was the only one that stated
the amount which might be recovered, the jury found for
appellees and assessed their damages at the full amount for
which the notes had been given with interest thereon.    A
simple computation shows that the interest allowed was five

Aultman & Co. v. Wirth.

per cent on $1,100 for exactly one year and nine months. The verdict which was for $1,196.25, was rendered on April 20, 1893.

It is thus apparent that the verdict of the jury was based upon the first return of the engine, which was in July, 1891, and that they ignored all that occurred after that time, including the damages to the engine by exposure. This was precisely what the instruction above quoted authorized them to do. It required a verdict for appellees for the full amount of the notes with interest, regardless of what occurred after the first return of the engine in July. Under this instruction the verdict must have been as it is, even though the jury may have believed from the evidence that the engine was taken by appellees on trial again under the contract during the latter part of July, and was injured one-half of what it had cost by unnecessary exposure while in appellees' custody. The error in this instruction was not cured by other instructions given, but on the contrary it was emphasized by the modification of appellant's eighth instruction.

Many other reasons are urged for the reversal of the judgment, but most of them, as, for instance, certain objections to the declaration, consisting of grammatical blunders in the use of pronouns, and certain alleged variances between the declaration and the evidence, are hypercritical, and do not merit serious consideration.

We see no reason, as was suggested when this case was before us in 1892, why this suit can not be maintained in the names of Frank X. Wirth and John G. Wirth, who actually signed the contract, for the use of Frank X. Wirth, for whom the engine was bought, and who is therefore the individual really and beneficially interested. Aultman & Co. v. Wirth et al., 45 Ill. App. 614.

For the reasons indicated herein, the judgment is reversed and the cause is remanded.