## Jane Cronk et al., Appellants, v. Henry C. Gieseke, Appellee.

### Gen. No. 27,903.

1. JUDGMENTS—*certainty as to plaintiff.* A suit against the owner of premises in which intoxicating liquor was sold to the husband and father of the complainants, to subject such premises to the lien of a judgment previously obtained against the persons who sold such liquor, for injury to complainants' support through such sales, cannot be maintained where the action at law was brought by the wife individually and by the children through her as their next friend but the judgment ran to "the plaintiff" alone.

2. JUDGMENTS—*statute of amendment and jeofails not applicable to cure error in collateral proceedings.* A judgment at law in favor of "the plaintiff" in a joint action by the wife and minor children for injury to their support resulting from the sale of intoxicating liquors to the husband and father cannot be sustained in a suit against the owner of the premises where the liquor was sold, to subject such premises to the lien of the judgment, under the provisions of the statute of amendments and jeofails, Cahill's Ill. St. 1921, ch. 7, even though the error in the judgment was the result

of negligence by the clerk, such statute being applicable only in the cause in which the judgment was rendered.

3. PLEADING—*general issue as waiver of misjoinder.* Error in entering a judgment for "the plaintiff" in a common-law action brought jointly by the wife and minor children for damages from injury to their support through the sale of intoxicating liquors to the husband and father is not waived as to a subsequent suit against the owner of the premises wherein the liquors were sold, to subject such premises to the lien of the common-law judgment, by the fact that the seller pleaded the general issue in that action and that he was not guilty of the grievances alleged "or any or either of them in manner and form as the plaintiffs" complained against him, such plea being a denial of the right of recovery and not an admission of joint injury and the presumption from the form of the judgment at law being that no joint loss was established.

Appeal by complainants from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed February 19, 1923.

WILLIAM C. DUNN and SAMUEL W. NORTON, for appellants.

RATHJE, LAWLOR & O'CONNOR, for appellee; C. H. SIPPEL, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the complainants, who filed their bill in equity, to which the defendant interposed a general demurrer, which was sustained and an order entered dismissing the bill for want of equity.

The suit was based on section 10 of the Dramshop Act, approved March 30, 1874, in force July 1, 1874, Cahill's Ill. St. ch. 43, p. 1482; and complainants sought under the provisions of that statute to subject the premises owned by the defendant to the lien of a judgment which they had theretofore obtained against one Louis Rickert to recover damages for injury to their means of support, the judgment being

rendered in a suit based upon section 9 of the same Act, Cahill's Ill. St. ch. 43, p. 1481.

It appears from the allegations of the bill that the suit at law was begun April 4, 1913; that Louis Rickert and the United States Brewing Company were made defendants thereto; that the plaintiffs therein were the complainants, namely, Jane Cronk, the wife of William Cronk, and their minor children, who sued by Jane Cronk as their next friend. It is also alleged that Louis Rickert at the times mentioned conducted a saloon at number 1528 North Paulina street, that being the premises here involved, and that it was upon these premises that the intoxicants were sold which resulted, as alleged, in the injury to the family. The United States Brewing Company was originally made a defendant in the suit at law, but the cause was afterwards dismissed as to it.

The case came on for hearing in the circuit court on March 8, 1920, and the defendant Louis Rickert did not appear. A jury was called and returned the following verdict:

"We, the jury, find the issues for the *plaintiff* and assess the plaintiff's damages at the sum of Five Thousand ($5000.00) Dollars."

Upon this verdict a judgment was entered of record which recites that the cause being called for trial *ex parte* "comes *the plaintiff* to this suit by her attorney and issue being joined herein, it is ordered that a jury come, whereupon come the Jurors of a jury of good and lawful men, to wit: * * * who being duly elected, tried and sworn well and truly to try the issues joined herein, and a true verdict render according to the evidence after hearing all the evidence adduced say: We, the jury, find the defendant guilty and assess *the plaintiff's* damages at the sum of Five Thousand ($5000.00) Dollars. Therefore, it is considered by the court that *the plaintiff* do have and recover of and from the defendant *her* said damages of Five

Thousand Dollars ($5000.00) in form as aforesaid by the jury assessed, together with *her* costs and charges in this behalf expended and have execution therefor.''

It is the contention of the defendant below, who is appellee in this court, that no action can be maintained on this judgment for the reason that the same is void for uncertainty, and this is the controlling question in the case. It has been held that in a proceeding of this sort the judgment, if valid, is *res judicata* as to all the facts, except the leasing or permitting the building to be used for the sale of liquor, and the recovery of the judgment, both of which may be controverted by the owner. *Garrity v. Eiger,* 272 Ill. 127.

It is objected as against the validity of this judgment that it is uncertain and indefinite, in that the verdict returned and in the judgment as entered a liability is established in favor of only one of several plaintiffs, and that it is therefore impossible to determine in this proceeding which one of the plaintiffs recovered the judgment. That it is indispensable to the validity of a judgment of a court that it must be for a certain amount and against certain and well ascertained defendant or defendants and in favor of a certain and well ascertained plaintiff or plaintiffs, is well established by many authorities. Freeman on Judgments (4th Ed.), vol. 1, p. 50; *Emig v. Medley,* 69 Ill. App. 199; *Fuller W. Elec. D. Co. v. Louis,* 50 Ill. App. 428; *Johnson v. Hubbart,* 269 Ill. 532; *Martin v. Barnhardt,* 39 Ill. 9. We think that the exact question here raised is decided in favor of appellee's contention in *Aultman & Co. v. Wirth,* 45 Ill. App. 614.

Appellants contend, however, that it is apparent from the pleadings in the common-law suit that the error in the judgment was the result of the negligence of the clerk, and conceding that the same is defective, it has been cured by the statute of amendments and jeofails; Cahill's Ill. St. 1921, ch. 7. Section 6 of that Act provides that ; ''Judgment shall not be arrested

or stayed after verdict, * * * reversed, impaired, or in any way affected, by reason of any of the following imperfections, omissions, defects, matters or things in the process, pleadings, proceedings or records, namely: * * *'' The section then enumerates fourteen such defects and is followed by section 7, which provides: ''The omissions, imperfections, defects and variances in the preceding section enumerated, and all others of a like nature, not being against the right and justice of the matter of the suit, and not altering the issue between the parties or the trial, shall be supplied and amended by the court where the judgment shall be given, or by the court into which such judgment shall be removed by appeal or writ of error.'' Under the provisions of this statute it has been held that any of these defects in the judgment constitute no ground for reversal upon appeal or writ of error, but that the court in which the cause is pending has the power to cure the error by amendment. *Southworth v. People,* 183 Ill. 621.

The cases upon which appellants rely—*Daft v. Drew,* 40 Ill. App. 266; *Bacon v. Schepflin,* 185 Ill. 122; *Law v. Sanitary Dist. of Chicago,* 197 Ill. 523—are all distinguishable from the present case in that the question arose not in a collateral action based upon the judgment rendered, but directly in the very cause in which it was rendered.

We are cited to no authority which holds that these provisions of the statute of amendments and jeofails may be applied in a collateral suit based upon the judgment.

The appellants further contend that the defendant in the common-law suit having filed a plea in bar, objection that the action was joint in that suit could not be raised. The plea therein filed was the general issue, and defendant Rickert by that plea asserted that he was not guilty of the grievances alleged in the declaration, ''or any or either of them in manner and

form as the *plaintiffs* have above thereof complained against him.'' It is argued that by the filing of this plea Rickert waived the error, if error it was, in the judgment. In support of this contention appellants cite *Helmuth v. Bell,* 150 Ill. 268. In that case the Supreme Court said that while it might be conceded that section 9 of the Dramshop Act does not give to the wife and children a joint right of action, and that even though the statute does not authorize a joint suit, the defendants having elected to plead to the action so brought, and having suffered a verdict and judgment to go against them, waived the error. This, we think, does not go far enough to help appellants' cause. The question there arose in the reviewing court, which had power to correct the error, and which held that the misjoinder, if such there was, had been cured by the plea; but such a plea does not admit a joint injury, as it specifically denies the right to a recovery. As appellee points out, the verdict and judgment there were for all the plaintiffs, and the presumption therefore was that a joint loss had been proved; but the presumption here is otherwise, since the verdict and the judgment are in favor of only one plaintiff. The necessary inference is that the evidence did not sustain a joint recovery.

For aught we can tell, it may have appeared that the alleged minors were not minors. It may have appeared from the evidence that only a part of the plaintiffs were legally entitled to support by William Cronk. It may or may not have been made to appear that the alleged wife was entitled to his support. It is true that the bill seeks to supply or correct the defect in the judgment by allegations as to the testimony offered at the trial; but this cannot avail in a collateral proceeding such as this, nor, indeed, does the bill allege that it recites all the testimony which was offered and received at the trial. For aught we know, the evidence may have been contradictory and the jury

may have found in favor of one plaintiff and against the others. Indeed we think this is the conclusive inference from the verdict returned and the judgment entered.

It follows that the bill fails to set up a valid and subsisting judgment, and that the general demurrer to it was therefore properly sustained, and the decree dismissing the bill was proper.

*Affirmed.*

McSURELY, P. J., and DEVER, J., concur.