WERNWAG *v.* BROWN and Another.

A decree determining the amount due on a mortgage, and authorising a sale of the mortgaged premises, draws interest at the rate of only 6 *per cent. per annum*, though the debt previously drew interest, according to the contract, at a much higher rate.

A decree, in such case, must show with certainty the sum due to the complainant, and not leave the amount to be afterwards ascertained by the calculations of any ministerial officer.

ERROR to the *Marion* Circuit Court.

*Thursday,
December 4.*

M'KINNEY, J.—This is a bill in chancery to foreclose a mortgage, brought by *Brown & Morrison* against *Wernwag*. A demurrer was filed to the bill, which we think was correctly overruled by the Circuit Court. That Court rendered a decree in favour of the complainants.

The principal and only question to be decided is presented by the first error assigned, which is as follows:—"There is no sum decreed to be paid, but the amount is left open for the clerk or sheriff finally to decree the amount due at the time of sale, so that exorbitant interest may be calculated to that time." The record shows, that the mortgage was executed to secure the payment of several sums of money due by judgments, notes, &c., upon a part of which due by notes, interest was agreed to be paid at the rate of 25 *per cent. per annum,* and upon one note for 319 dollars and 49 cents, the sum of 12 dollars per month was agreed to be paid. The Circuit Court decreed, "That the amount of the several notes, judgments, and securities, mentioned in the said bill of complaint, and the conditions of said mortgages respectively, or so much thereof as may then be due and owing to the said complainants by the said *William H. Wernwag,* together with all interest, and the costs of this suit, and all costs on the judgments enumerated in the said bill of complaint, be paid to the said complainants on or before the 1st day of *January* next; and in default," &c.

This decree is radically defective,—1. Because it gives to the mortgagees interest at the stipulated rate to the 1st day of *January* next ensuing its rendition, the day on which the money is decreed to be paid; and 2. Because it leaves the sum

Nov. Term, 1834.

WERNWAG
v.
BROWN.

to be paid, to be decided by the clerk or sheriff without the action of the Court.

1. The case of *Miller* v. *Burroughs*, 4 Johns. C. R. 436, settles the first point, that after a decree the original contract is merged, and from that time the sum decreed draws only the legal rate of interest. So that in the case before us, although by statute the higher rate of interest agreed to be paid was recoverable by the decree (1), yet after its rendition, interest at the rate of 6 *per cent. per annum* only should have been given. It appears by the record, that the term at which this decree was rendered was held in the month of *September*, and interest as stipulated by the contract was given to the 1st day of *January* ensuing. This was clearly erroneous.

2. A decree, as a judgment, should show on its face what the Court has decided; and in *Honore* v. *Colmesnil*, 1 J. J. Marsh. 525, and *Stagner* v. *Fox*, id. 556, it is laid down, that a reference to the evidence filed, or to other records, &c. cannot be tolerated, and that no execution can issue on such a decree or judgment. The same principles are settled in *Bonta* v. *Clay*, 1 Litt. R. 27,—*Farmer et al.* v. *Samuel*, 4 Litt. R. 187,—and *Griffith* v. *Depew*, 3 Marsh. R. 177. In the first of these cases, it is said that the decree or judgment should be certain and definite, and that nothing should be left to the clerk to ascertain, or sum up by reference to other parts of the record; and if it be not so, no execution can be issued by the order of the Court or otherwise. These cases are illustrative of the settled rules in chancery practice, and are deeply founded in reason and the respective duties of the Court and its ministerial officer. The duty of a Court either of law or equity, is to pronounce the law applicable to the facts presented; that of the clerk, to record the sentence of the Court. The duties of the one are distinct from those of the other, and the correction by the clerk of errors committed by the Court, would invest the ministerial officer with the duties and responsibilities of the judicial.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

C. *Fletcher* and W. *Quarles*, for the plaintiff.

J. *Morrison*, for the defendant.

(1) Vide Stat. 1833, p. 43.—Note to *Harvey* v. *Crawford*, Vol. 2, of these Rep. 43.