## LEE ET AL. *v.* DAVIS ET AL.

PARTNERSHIP.—*Contract by Retiring Partner to Pay or Secure his Proportion of Losses.—Complaint.—Indemnity.—Uncertainty.—Demurrer.—Consideration.—Tender.*—L., as principal, and others, as sureties, executed to D., M. and D. an instrument, providing that they, said principal and sureties, "in consideration of an agreement * executed to the said L. by D., M. and D., * agree and guarantee to hold said D., M. and D. harmless and indemnified against all losses and claims which may come against the firms of D., M. & Co. and D, L. & Co, for * one-fourth of all losses sustained by said firms up to this date, and * for one-fourth * of all losses " that might be sustained by them in the disposal of certain property then in their hands, the said L. thereby retiring from said firms. It was also agreed therein that said L. should give to said D., M. and D., " valid security for the payment of" such one-fourth of said loss, when the instrument should be surrendered to him. In an action thereon by D., M. and D , against L. and his sureties, the complaint alleged the ascertainment and payment of such losses by the plaintiffs, and L.'s failure, on demand, to either repay or secure them.

*Held,* on demurrer, that it sufficiently appears from the instrument in suit, that the plaintiffs were members of said firms.

*Held,* also, that the instrument was executed, *prima facie,* upon a sufficient consideration.

*Held,* also, that uncertainty can be reached by motion, and not by demurrer.

*Held,* also, that the instrument was a contract for repayment of L.'s share of said losses, and not merely an indemnity.

*Held,* also, that it was not necessary that the complaint should allege a tender to L of the instrument in suit, upon demanding that he give the security agreed.

SAME —*Co-Partner.—Services of, not Ordinarily a Debt from a Partnership. —Evidence.—Set-Off.*—Ordinarily, the law implies no obligation upon a partnership to pay a member thereof for his services as such ; but the circumstances may imply an agreement, or there may be an express contract to pay him therefor.

PRACTICE.—*Discretion of Court, as to Filing Additional Answer.*—Under section 99, 2 R. S. 1876, p. 82, it is within the discretion of the circuit court to refuse leave to file an additional answer, when the cause is called for trial.

From the Montgomery Circuit Court.

*J. M. Thompson* and *W. H. Thompson*, for appellants.

*M. D. White, P. S. Kennedy* and *W. T. Brush*, for appellees.

WORDEN, J.—Complaint by Jacob Davis, Isaac Davis and Mahlon D. Manson, against John Lee, Robert F. Beck and Thomas J. West, alleging that the defendants entered into the following agreement with the plaintiffs, in writing, viz.:

" This agreement, entered into this 24th day of February, 1866, witnesseth, that we,· John Lee, principal, and R. F. Beck and Thomas J. West, security, do hereby, for and in consideration of an agreement this day executed to the said John Lee, by Jacob Davis, Mahlon D. Manson and Isaac Davis, principals, and John L. Davis, security, agree and guarantee to hold the said Jacob Davis, M. D. Manson and Isaac Davis harmless and indemnified against all losses and claims which may come against the firms of Davis, Manson & Co., and Davis, Lee & Co., for and on account of one-fourth part of all losses sustained by said firms up to this date, and for and on account of one-fourth part of all losses which may be sustained by the said firms in the disposal of the stuff now on hand and in the possession of said firms, and in the final settlement of all matters connected with said firms up to this date; and the said John· Lee retires from said firms this day. In witness whereof we have hereunto set our hands, this 24th day of February, 1866. It is further agreed, that, as soon as the exact amount of the losses of said firms can be ascertained, the said John Lee is to give to the said Jacob Davis, Isaac Davis and Mahlon D. Manson good and valid security for the payment of one-fourth of said exact losses; upon the execution of which last mentioned security, this agreement shall be given up to the said John Lee and cancelled."

This agreement was duly executed by John Lee, Robert F. Beck and Thomas J. West.

The complaint further alleges, that, " long before the commencement of this suit, all the losses and claims which came against the firms of Davis, Manson & Co., and Davis,

Lee & Co., for and on account of the losses sustained by said firms up to said February 24th, 1866; and, also, all the losses which were sustained by said firms in the disposal of the stuff on hand and in the possession of said firms on.said February 24th, 1866, have been fully and exactly ascertained, and amount to $8,916 $\frac{36}{100}$, and which plaintiffs have paid; all of which more fully appears by a bill of particulars filed herewith, marked 'A,' and made a part hereof, except the interest on said bill is calculated at 10 per cent., but should be at six per cent.

" After said losses were ascertained, [the defendant Lee?] was often requested to make a settlement of said losses, according to the terms of said agreement, and give to said [plaintiffs?] good and valid security for the payment of one-fourth part of said ascertained losses; but that said Lee has wholly failed and refused to make said settlement or give said security; that the one-fourth part of all the losses of said firms up to said February 24th, 1866, and the loss upon the stuff then on hand and in the possession of said firms (which stuff was, subsequent to said agreement, sold and disposed of), deducting certain credits to which said Lee is entitled, amounts in all to the sum of $2,229 $\frac{09}{100}$, which said plaintiffs have had to pay. Wherefore," etc.

Demurrer to the complaint, for want of sufficient facts, overruled, and exception. Issue, trial by jury, verdict and judgment for the plaintiffs, a new trial being refused.

Errors are assigned, questioning the sufficiency of the complaint, and the correctness of the rulings of the court in refusing leave to file an additional paragraph of answer, and in overruling the motion for a new trial. We proceed to consider the objections urged to the complaint.

It is objected that the complaint was bad in not averring that the plaintiffs were members of the firms of Davis, Manson & Co., and Davis, Lee & Co., whereby it might

appear that they were liable to bear the losses and pay
the debts of those firms.   That the plaintiffs were mem-
bers of those firms, is, we think, fairly implied · from the
contract set out and made a part of the complaint.   Lee
retired from the firms at the date of the contract, and the
purpose of the agreement was, as it seems to us, to bind
him, with surety, to pay to the plaintiffs, as continuing
members of the firms, his share of the losses of those firms
up to that time.   Prudence might have required an allega-
tion in the complaint, that the plaintiffs were members of
those firms; but, as this is implied in the contract which
is a part of the complaint, we think the objection is not
reached by demurrer.   If there was any uncertainty in
this respect that ought to have been removed, it could
have been reached by motion.

It is also urged, in connection with this point, that the
contract sued upon is one of indemnity merely; and that
the complaint ought to have shown more clearly how the
plaintiffs have been damnified by the debts or losses of
those firms; that it is not sufficient to say of the amount
claimed, "which the plaintiffs have had to pay."   We,
however, do not regard the contract as one of indemnity
merely. The conclusion of the contract provides, that, as soon
as the amount of the losses can be ascertained, Lee is to
give the plaintiffs security for the payment of one-fourth
thereof. · This means, of course, that Lee was to eventu-
ally pay to the plaintiffs one-fourth of ·the amount of the
losses.

It is also urged, that, so far as appears, the agreement
sued upon was without consideration, inasmuch as it does
not appear that the agreement to John Lee, which was the
consideration for the agreement in suit, was ever delivered
to him.   But the contract in suit recites that the agree-
ment was executed to John Lee.   This implies that it was
delivered to him.   The execution of the agreement to

John Lee constituted, *prima facie*, a good consideration for the execution of the agreement in suit. Nor was it necessary to set out a copy of the agreement executed to John Lee, as it constituted, so far as we can see, no part of the contract in suit.

It is also urged that the plaintiffs cannot maintain this action without having tendered to John Lee the surrender of the contract sued upon, upon his furnishing the security stipulated for by the contract for the payment of one-fourth of the losses of the firms. We are not aware of any authority that makes such tender necessary. We are of the opinion that the objections urged to the complaint are not well taken.

It appears, by a bill of exceptions, that after the issues had been closed, and upon the calling of the cause for trial, on the day on which it was set down for trial by the previous order of the court, the defendants asked leave to file an additional paragraph of answer; but leave was refused and exception taken. This was clearly in the discretion of the court; and we see no abuse of that discretion. Code, sec. 99.

In reference to the motion for a new trial, it is urged that the court erred in permitting the plaintiffs to prove that they and John Lee composed the firms of Davis, Manson & Co., and Davis, Lee & Co. This, as we have seen, is implied in the contract sued upon, and no harm resulted to the defendants in allowing the plaintiffs to prove the fact.

On the trial, the defendants offered to prove " that the defendant John Lee had performed labor for the aforesaid firms of Davis, Manson & Co., and Davis, Lee & Co., of the value of two thousand dollars, about the business of said firms, and, by way of expenses in travelling upon the business of said firms, paid out the further sum of one thousand . dollars, which had not been repaid by said

firms. This evidence was rejected, and exceptions taken."

With regard to the money paid out for travelling expenses, we find no pleading in the record sufficient to justify the admission of the evidence; there was, therefore, no error in rejecting it.

The law, we think, does not ordinarily imply an agreement on the part of a firm to pay a member thereof for work and labor performed by him in the business of the firm. There may be circumstances from which the law would imply such agreement; or such agreement might be express. But no express agreement was offered, nor were any circumstances offered, from which an agreement to pay for the work and labor might be implied; hence we can not say, that any error was committed in rejecting the evidence.

The judgment below is affirmed, with costs.

Opinion filed at November term, 1879.
Petition for a rehearing overruled at May term, 1880.