Filed Nov. 3, 1885.

---

No. 12,257.

## McBRIDE *v.* STRADLEY.

PARTNERSHIP.—*Agreement to Pay for Services of Partner.*—*Pleading.*—A partner can not recover for services rendered a firm of which he is a member, unless there is an agreement that he shall recover therefor; and a pleading, alleging that the services were rendered at the special instance and request of the members of the firm, is bad on demurrer.

SAME.—*Equity.*—*Accounting.*—Under the code of 1881, a suit between partners for an accounting is one of equitable jurisdiction, and not triable as of right by a jury.

PRACTICE.—*Pleading.*—*Harmless Error.*—Where the general denial is pleaded, it is a harmless error to sustain a demurrer to an argumentative denial.

SAME.—*Continuance.*—*Sufficiency of Affidavit.*—*Sickness.*—A party who desires the postponement of a case which he knows is set for trial, should make application in due season, fully setting forth the causes upon which he asks the delay; and the trial court is not bound to continue a cause upon the general and indefinite statement in an affidavit that a party's absence is caused by sickness in his family.

SAME.—*New Trial.*—Affidavits filed subsequent to the ruling on the application for a continuance can not be considered, except perhaps upon a motion for a new trial.

From the Whitley Circuit Court.

*C. Clemans,* for appellant.

*W. F. McNagny* and *T. R. Marshall,* for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that he and the appellant entered into a contract of partnership, and that the latter violated the terms of the contract. Prayer for an accounting and for judgment for the amount due the appellee.

The first paragraph of the appellant's answer pleads the general denial, the second pleads payment, and the third and fourth plead special defences.

The questions first requiring attention are those arising on the ruling on demurrer to the third and fourth paragraphs of the answer.

The third paragraph alleges that the partnership is indebted to the appellant in the sum of $500 for services performed at the special instance and request of the members of the firm. This paragraph is bad. A partner can not recover for services rendered a firm of which he is a member, unless there is an agreement that he shall recover for such services. It is the duty of a partner to devote his services to the business of the firm without compensation, except such as arises from the profits, unless there is some stipulation to the contrary. Parsons Partnership (3d ed.), 250; Story Partnership (7th ed.), section 182; *Lee* v. *Davis,* 70 Ind. 464; *Lassiter* v. *Jackman,* 88 Ind. 118.

The fourth paragraph of the answer is, in legal effect, nothing more than an argumentative denial, and as the general denial was pleaded no substantial error was committed in sustaining the appellee's demurrer.

The appellant complains of the ruling of the court refusing to postpone the trial of the case, and assigns this ruling as a cause for a new trial. The application for delay was based upon the affidavit of appellant's attorney, who states therein that he believes that the absence of the appellant was caused by sickness in his family. The affidavit shows

that the appellant was duly notified of the time the cause was set for trial, and it was his duty to show what caused his absence, definitely and clearly. The trial court is not bound to postpone the trial of a cause upon a general and indefinite statement that a party's absence is caused by the illness of some member of his family. Affidavits filed subsequent to the ruling and trial can not be considered, for the question is, was the ruling right upon the affidavits presented to the court prior to the trial? Affidavits filed after the trial might, perhaps, be useful and influential upon a motion for a new trial or the like, but they certainly can not be given such a retrospective effect as to make an antecedent ruling erroneous.

We need not and do not decide whether the absence of a party caused by illness can properly be considered a cause for a new trial, for we think that the case here made for a new trial not strong enough to warrant a reversal, even conceding that the cause stated can be considered as a ground for a new trial. The appellant knew of the illness of his child prior to the trial, and it was his duty to have made proper application for a postponement before the cause was called for trial. He had no right to permit the cause to go to trial, take the chances of success, and subsequently urge matters known to him before the trial as grounds for relief against the judgment. Justice requires that one who desires a postponement of a case, which he knows is set for trial, should make application in due season, fully setting forth the causes upon which he asks the delay, and it also requires that he should not be permitted to wait until after a trial and an adverse decision, and then avail himself of an excuse for not being present at the trial, which was known to him before the cause was called. The business of the court, and the interests of the public, require that parties should not be allowed to take the chances of a trial in their absence and after defeat come in and secure relief for a cause fully known to them before the trial. The adverse party who expects the trial to take place at the time appointed, and makes prepara-

tion for it, is entitled to require diligence of the other party who seeks delay. *Yater* v. *Mullen*, 24 Ind. 277.

The suit was one of equitable jurisdiction, and the court did right in denying a jury trial. The Constitution of our State does not, as counsel contend, give a right to a jury trial in every case; it simply preserves the right to a jury trial inviolate. It is only by force of statute that such suits as this are triable, as of right, by jury. There is now no statute creating that right; on the contrary, the present statute is exactly to the contrary. *Miller* v. *Evansville Nat'l Bank*, 99 Ind. 272; *Lake* v. *Lake*, 99 Ind. 339; *Anderson* v. *Caldwell*, 91 Ind. 451 (46 Am. R. 613). The decision in *Redinbo* v. *Fretz*, 99 Ind. 458, is based upon a former statute.

Judgment affirmed.

Filed Oct. 6, 1885; petition for a rehearing overruled Nov. 4, 1885.