Filed April 21, 1892.

---

No. 16,206.

## ROBY, TRUSTEE, *v.* SMITH ET AL.

CONSTITUTIONAL LAW.—*Statute Requiring Trustees to be Residents of State Invalid.*—The statute (section 2988, R. S. 1881) requiring a trustee of any person, association or corporation to be a *bona fide* resident of the State of Indiana is unconstitutional, being in conflict with article 4, section 2, and the Fourteenth Amendment of the Constitution of the United States.

From the Steuben Circuit Court.

*D. R. Best, E. A. Bratton* and *W. F. Elliott,* for appellant.
*J. A. Woodhull* and *W. A. Brown,* for appellees.

MILLER, J.—This action was brought by the appellant, Frank S. Roby, trustee, to foreclose a mortgage on real estate situate in Steuben county, in this State.

In addition to the usual averments, the complaint shows that in September, 1889, The George T. Smith Middlings Purifier Company was the holder of four promissory notes signed by the Steuben Mill Company ; that on or about the 1st day of October, 1889, the Purifier Company sold and assigned these notes to certain banks in the State of Michigan, the notes being endorsed by George T. Smith ; that at the time of the sale and assignment of these notes the company, by its officers, stated and represented that the notes were secured by a first mortgage on certain mill property situated in Steuben county ; that, at that time, the notes were not in fact secured by mortgage, but subsequently, on the 24th day of January, 1890, the said George T. Smith, who held the title

to the mill property, executed the mortgage in suit to Dwight S. Smith, as trustee, to secure the payment of the above mentioned notes; that at the time of the execution of the mortgage, Dwight S. Smith, therein named as trustee, George T. Smith, The George T. Smith Middlings Purifier Co., and all of the holders of the several notes secured by the mortgage, were non-residents of the State of Indiana, and the mortgage was executed in the State of Michigan, where they resided; that said Dwight S. Smith, as trustee, brought suit in the Steuben Circuit Court in March, 1890, to foreclose said mortgage, to which action the defendants therein appeared, and pleaded as an abatement of the action the fact that said Dwight S. Smith was, at the time of the execution of the mortgage, and still remained, a non-resident of the State of Indiana; that such proceedings were had upon the issues thus joined in the action as that the action abated; that said Dwight S. Smith is one of the stockholders of one of the banks who held one of the notes, and as such, is one of the beneficiaries of that instrument; that at the February term, 1891, of this court, Dwight S. Smith, the trustee, and the holders and owners of the notes secured by the mortgage, joined in a petition to this court for the appointment of a resident of the State of Indiana to act as a trustee to foreclose said mortgage; and that the court did, upon their petition, duly and regularly appoint this plaintiff, who is a resident of the State of Indiana, as trustee to foreclose said mortgage; that the plaintiff, as such trustee, at the instance and request, and for the use and benefit of all the holders of said notes, brings this action of foreclosure.

Demurrers, filed by each of the defendants, were sustained, to the complaint, and final judgment rendered on demurrer for the defendants.

The ruling upon the demurrer is the only question in the record.

The correctness of this ruling depends upon the validity. and construction to be given to section 2988, R. S. 1881, in

force since May 31, 1879, which is as follows: "It shall be unlawful for any person, association, or corporation to nominate or appoint any person a trustee in any deed, mortgage, or other instrument in writing (except wills) for any purpose whatever, who shall not be, at the time, a *bona fide* resident of the State of Indiana; and it shall be unlawful for any person who is not a *bona fide* resident of the State, to act as such trustee. And if any person, after his appointment as such trustee, shall remove from the State, then his rights, powers and duties as such trustee shall cease, and the proper court shall appoint his successor, pursuant to the provisions of the act to which this is supplemental."

The constitutionality of this act is vigorously assailed by counsel for the appellant.

It is claimed that this act limits the constitutional rights of citizens of this State to select and appoint their own agents in the control and management of their own property, which is one of the inherent and inalienable rights of a citizen.

The facts of this case do not require us to enter into a discussion of this question.

The contract was entered into in the State of Michigan, by and between citizens of that State, to secure an indebtedness expressly payable in that State. It was to all intents and purposes a Michigan contract, except that the land being situate within this State, the mortgage, which is a qualified conveyance of real estate, is subject to the law of the State, so far as it affects the validity and enforcement of the lien. 1 Jones Mortg., section 662.

The rights of the citizens of this State to appoint non-resident trustees are not involved in this case.

Another question involved in the consideration of the constitutionality of the act under consideration may be excluded from the present discussion : that is the right of a non-resident trustee to prosecute in the courts of this State actions affecting the trust property.

We infer from the last clause of the section that it was the

purpose of the Legislature in enacting this statute to compel trustees to reside within the State in order to bring them within the process and subject to the control of the State courts.

In the present action the suit was brought by a resident trustee who owed his appointment to the order of the court, and not to the act of the parties.

We have remaining for determination the question, does, or does not, this act, as applied to the facts disclosed in the record, impair the privileges and immunities of citizens of another State or of the United States, as guaranteed in article 4, section 2, and the Fourteenth Amendment of the Constitution of the United States?

The constitutionality of this act has never been passed upon by this court, although the question seems more than once to have been in the mind of the court.

In holding that this act did not apply to the trustees appointed prior to the passage of the act, the court, in *Thompson* v. *Edwards*, 85 Ind. 414, said : " Waiving all discussion as to the power of the Legislature to enact such a statute as applicable to trustees to be thereafter appointed, it is manifest," etc.

In *Bryant* v. *Richardson*, 126 Ind. 145 (153), it is said that it " may well be doubted " if that portion of this statute which applies to natural persons and seeks to prohibit them from naming a person who is a non-resident of the State to act as a trustee for them is valid.

In *Farmers'*, etc., *Co.* v. *Chicago, etc., R. W. Co.*, 27 Fed. R. 146, GRESHAM, J., said of this statute : " It is a statute which denies to residents of other States the right to take and hold in trust, otherwise than by last will and testament, real and personal property in Indiana. The right is asserted to deny to persons, associations, or corporations, within or without the State, power to convey to any person in trust, not a resident of Indiana, real or personal property within the State. This is a plain discrimination against the

residents of other States.   If Indiana may disqualify a resident of another State from acting as trustee in a trust deed or mortgage which conveys real or personal property as security for a debt due to himself alone, or for debts due himself and other creditors, it would seem that the State might prohibit citizens of other States from holding property within the State, and to that extent from doing business within the State.   No State can do the latter.   A person may, and frequently does, acquire a property interest by a conveyance to him in trust.   A citizen of the United States can not be denied the right to take and hold absolutely real or personal property in any State of the Union, nor can he be denied the right to accept the conveyance of such property in trust for his sole benefit, or for the benefit of himself and others.   This right is incident to national citizenship.   Section 2, of article 4, of the Constitution of the United States declares that ' the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several states.'   'Attempt will not be made,' say the Supreme Court of the United States, in *Ward* v. *Maryland,* 12 Wall. 418, ' to define the words " privileges and immunities," or to specify the rights which they are intended to secure and protect, beyond what may be necessary to the decision of the case before the court.   Beyond doubt, those words are words of very comprehensive meaning ; but it will be sufficient to say that the clause plainly and unmistakably secures and protects the right of a citizen of one State to pass into any other State of the Union for the purpose of engaging in lawful commerce, trade, or business, without molestation ; to acquire personal property ; *to take and hold real estate.'* "

In that case one of the trustees, at the time of the creation of the trust, was a resident of the State.   The resident trustee having died, the action was prosecuted by the surviving and non-resident trustee.   The fact that the language above cited was not strictly essential to the determination of the case before the court may impair the force of the decision as

an authority, but it does not detract from the potency of its reasoning.

Reluctant as we are to hold a statute regularly enacted by the General Assembly unconstitutional, we can not avoid the conclusion that the act under consideration is in conflict with those provisions of the Constitution of the United States which guarantee to the citizens of each State, and of the United States, all the privileges and immunities of citizens of the several States.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

ELLIOTT, C. J., did not sit, and took no part in the decision of this case.

Filed April 23, 1892.