SARAH JANE JOHNSON, Appellee, *vs.* H. J. HUBBART,
Appellant.

*Opinion filed October 27, 1915.*

1. EJECTMENT—*when the defendant cannot insist that plaintiff should have proved title from the government.* A defendant in ejectment cannot insist, upon appeal, that the plaintiff should have proved title from the government because her affidavit of title from a common source was not introduced in evidence, where the defendant did not raise such objection on the trial.

2. JUDGMENTS AND DECREES—*judgment for money must specify the precise sum in words or figures.* A judgment for money must specify the precise sum in words or figures, and an alleged judgment for "twenty-four eighty and costs of suit, herein taxed at three and eight cents," is no judgment at all.

3. SAME—*transcript of judgment of a justice of peace is the clerk's authority for issuing execution.* The transcript of the judgment of a justice of the peace is the clerk's authority for issuing execution, and if the transcript fails to show the amount of the judgment in dollars and cents, neither the transcript nor the judgment in the justice's docket is admissible in evidence to sustain the sheriff's deed based upon the sale under the execution.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

LOUIS A. BUSCH, and GREEN & PALMER, for appellant.

W. A. PERKINS, and A. E. CAMPBELL, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Sarah Jane Johnson, the appellee, brought an action of ejectment against H. J. Hubbart, appellant, at the September, 1914, term of the circuit court of Champaign county. Appellant (hereafter called defendant) pleaded the general issue. The case was heard before a jury, and at the close of all the evidence, on motion of appellee, (hereafter called the plaintiff,) the court directed a verdict in her favor and entered judgment that she have and recover the premises described in the declaration, consisting of about three acres.

Plaintiff claimed title through a deed from James E. Harrison, her uncle, executed August 6, 1907, and recorded May 23, 1914. Defendant claimed title through a sheriff's deed to A. W. Abernathy, executed and dated February 6, 1914, filed February 26, 1914, and given pursuant to a sale on execution against James E. Harrison upon a judgment secured before a justice of the peace and a transcript of such judgment filed with the clerk of the circuit court, and by deed from said A. W. Abernathy to defendant, dated May 18, 1914, and recorded June 5, 1914. With the declaration, and attached to it, the plaintiff filed an affidavit that both parties to the suit claimed title from a common source,—James E. Harrison. The plaintiff was a single woman, and she and her uncle, James E. Harrison, also unmarried, lived on a ten-acre tract of land belonging to her uncle, as we understand it, near the three-acre tract in controversy.

To sustain her claim of title plaintiff introduced in evidence the deed to her from James Harrison, and oral proof that Harrison was in possession of the land, claiming to own it, at the time he executed the deed and delivered it to plaintiff, and that she has since that time been in the possession of the land. The proof of plaintiff's possession was not as clear and direct as it might have been made, for the reason that the court erroneously refused to allow witnesses to answer questions as to who had been in possession of the land since the plaintiff obtained her deed, and numerous other questions asked for the purpose of showing possession in plaintiff. Notwithstanding that, we think it must be conceded the proof sufficiently showed plaintiff was in possession. There was no building on the land and it appears not to have been fenced. It was cultivated in grain and grass and was used for pasture part of the time, and the proof shows such acts of authority and dominion over it by plaintiff as to show she was in possession before and at the time defendant's alleged title was acquired.

Plaintiff claimed by virtue of a conveyance from Harrison which was not recorded for nearly seven years after it was made and delivered, and defendant through title acquired by virtue of a sheriff's sale under an execution issued on the transcript of a judgment before a justice of the peace against Harrison.

Plaintiff filed with her declaration, and attached to it, an affidavit that both parties claimed title through the same source,—James Harrison. This affidavit was not introduced in evidence on the trial and is not in the bill of exceptions but is copied as a part of the common law record. The defendant insists the affidavit of title from a common source cannot properly be considered, and that it was incumbent upon plaintiff to prove title from the government, the same as if no affidavit of title from a common source had been filed. This question was not raised on the trial, and defendant is in no position now to raise the objection.

To prove title in himself defendant offered in evidence the transcript of the judgment before the justice of the peace against James Harrison, which was filed with the clerk of the circuit court, and upon which the execution was issued under which the sale was made by the sheriff. Besides other defects and irregularities the transcript recited that the judgment was for "twenty-four eighty and costs of suit, herein taxed at three and eight cents." In a judgment for money the precise sum must be specified either in words or figures, and judgments similar to the one shown by this transcript have been held to be no judgment at all. (*Avery* v. *Babcock,* 35 Ill. 175; *Carpenter* v. *Sherfy,* 71 id. 427.) The court correctly sustained objections to the introduction of the transcript in evidence.

Defendant then offered in evidence the judgment in the justice's docket, which recited a judgment for "$24.80 and costs of suit, herein taxed at $3.80." Objection was sustained to this, and we think rightly so. The authority of the clerk of the circuit court to issue the execution upon

which the sale was made, depended upon the transcript showing a judgment and not upon the judgment written up in the justice's docket. (*Wooters* v. *Joseph,* 137 Ill. 113; *Hobson* v. *McCambridge,* 130 id. 367; *Schmitt* v. *Weber,* 239 id. 377.) There was no basis, therefore, for the introduction of the sheriff's deed to Abernathy and the deed from Abernathy to defendant.

We do not think there was any error in directing a verdict in favor of plaintiff, and the judgment is affirmed.

*Judgment affirmed.*