KIST ET AL. *v.* COUGHLIN.

[No. 27,986. Filed October 20, 1944. Rehearing denied and mandate modified November 22, 1944.]

642

*David A. Myers,* of Greensburg, *Roscoe D. Wheat* and *Albert A. Abromson,* both of Portland, *James Murphy,* of Fort Wayne, and *Chattin & Wise,* of Union City, for appellants.

*R. L. Ewbank,* of Indianapolis, *George H. Koons,* of Muncie, *W. H. Eichhorn,* of Bluffton, and *Robert L. Smith* and *Frank B. Jaqua,* both of Portland, for appellee.

O'MALLEY, J.—The appellee, Jane B. Coughlin, Trustee, filed a complaint in the Jay Circuit Court wherein she alleged that she was the assignee of Morton

S. Hawkins and Genevra I. Hawkins. This complaint also alleged a partnership between Alfred A. Kist and Morton S. Hawkins which commenced in the fall of 1918 by virtue of an oral contract, and that this partnership would acquire and control the stock of the Portland Republican Company, which at that time owned and published a newspaper in Jay County, Indiana. The complaint further alleged that under the terms of the contract the partnership was to acquire control of other newspapers published in Jay County, and that Morton S. Hawkins furnished large sums of money to establish and maintain these enterprises. That the said Alfred A. Kist carried out this agreement and secured control of the newspapers, but never accounted for any of the earnings of the partnership or the corporations, and so managed the same that the whole matter became a family enterprise, which was operated for the sole and exclusive benefit of Alfred A. Kist, his wife, Merle Kist, and his son, Robert M. Kist. Further it alleged that contrary to the terms of the contract he had failed to keep books and records which would reflect the condition of the business at all times.

Although this suit was commenced in 1933, hearing was not completed until 1934. At that time, the court entered a judgment determining the existence of the partnership, and that Alfred A. Kist, Merle Kist, and Robert M. Kist were indebted to appellee, Jane B. Coughlin, trustee, in a large sum of money, the amount of which could not be ascertained without an accounting, and the court also enjoined the defendants from transferring or selling any of the property of the partnership.

In the prior appeal from this judgment, *Kist* v. *Coughlin, Tr.* (1936), 210 Ind. 622, 626, 1 N. E. (2d)

602, 603, this court in its opinion stated that the judgment of the Randolph Circuit Court recited that:

". . . by agreement of the parties entered into before the hearing, it was agreed that if a partnership were found to exist, and a receiver was appointed for the partnership property, a determination of the issue raised upon an accounting should be deferred for future trial."

This court then determined that the appeal was from an interlocutory judgment, and that while the complaint was not considered as to its sufficiency to withstand a demurrer, it was examined to determine the necessity for the appointment of a receiver. It was further determined that in the absence of a restraining order the defendants in this action would not have the right to do the things from which they were enjoined by the judgment of the court, and that the complaint sufficiently alleged a partnership, and also that the defendants were in the possession of partnership property for which they were refusing to account. The court further stated that there is nothing unlawful in a partnership owning and controlling corporation stock, and that the sale by a partner of his interest in partnership property does not of itself terminate a partnership, but is merely a cause for the dissolution of the partnership. These pronouncements by this court are such that they must be considered as the law of this case.

While the present appeal was pending in the Appellate Court, the appellees filed a petition to dismiss because of alleged lack of jurisdiction. The motion to dismiss was overruled without comment and in the petition to transfer the appellees now ask this court to pass upon the question there raised.

One contention is that the Sun Publishing Company was a party to the action below from the time of the filing of the complaint and that the receiver was awarded and given control of said corporation and that neither he nor his attorney authorized the Sun Publishing Company to appeal. It is further contended that Genevra I. Hawkins, Joseph M. Aldridge and Solomon J. Highsmith died more than thirty days prior to the filing of the transcript and that no effort was made to bring in those who have a right to represent the various interests of these three named parties.

The interest in and to this proceeding of Genevra I. Hawkins had been assigned to the appellee, Jane B. Coughlin, Trustee, prior to the commencement of the action, and Joseph M. Aldridge and Solomon J. Highsmith were not parties to the original action, were never made parties by Jane B. Coughlin, Trustee, nor was any judgment rendered either for or against them, and Genevra I. Hawkins is exempted from any of the effects of the judgment rendered by the court, except that her execution of the assignment is recognized. While the appellees have cited numerous cases wherein dismissal was had because of the failure of the appellants to issue notice to some party who was necessary to the appeal, in this particular appeal the cases cited have no application.

Furthermore, the Sun Publishing Company and the Portland Republican Company filed demurrers to the complaint on which this cause was tried, and each demurrer was sustained, and no effort to plead over was made. Later a supplementary complaint against the Sun Publishing Company was filed and withdrawn. The court after the withdrawal of the supplementary complaint entered judgment for and on behalf of the Sun Publishing Company and the Portland Republican

Company. This was a final judgment and removed them from the main action. *Stuck* v. *Town of Beech Grove* (1929), 201 Ind. 66, 163 N. E. 483. Under such circumstances the motion to dismiss was correctly overruled.

The Sun Publishing Company is connected with this appeal by means of a summary proceeding commenced by the receiver, wherein he requested the enlargement of the scope of the receivership. This pleading claimed inability of the receiver to secure possession of assets claimed to belong to the partnership and suggested that the receivership be extended to include the property of the Sun Publishing Company. Thereupon an attorney employed by the receiver entered an appearance for the corporation and consented to the enlargement of the scope of the receivership. The court then entered judgment wherein the receiver of the partnership property was also appointed receiver for the property of the Sun Publishing Company. Intervening petitions and objections to extending the scope of the receivership were filed and the court set aside its former ruling.

If this proceeding was authorized it is only because it was one of a summary nature. Summary proceedings are ancillary to, but not a part of, the main action. *Cook* v. *The Citizens National Bank* (1881), 73 Ind. 256; *Clarke* v. *City of Evansville* (1921), 75 Ind. App. 500, 131 N. E. 82, 1 Clarke on Receivers (2d ed.), pp. 795, 796, § 584. The Sun Publishing Company is not a party to this main action.

The appellees further claim that the evidence is not in the record because the certificate of the judge does not state that it contains all of the evidence given in the cause, and the appellants refer to the certificate of the reporter wherein the statement is

made that it contains all of the evidence. In order to determine this question we must examine the bill of exceptions as a whole to ascertain whether or not it contains words which indicate clearly and unmistakably that the bill does contain all of the evidence.

There were a number of different reporters used during this trial and of course each reporter transcribed that portion of the evidence given in his or her presence. In the beginning of the bill it is plainly and distinctly stated as a part thereof that appellants have ordered a full, true and complete copy of the evidence given in the presence of the various reporters. That is followed by the statement of the court to the effect that such full, true and complete transcript of the evidence is as follows, which in turn is followed by a transcript of the evidence. This bill is concluded by a certificate of the special judge verifying each item in the bill of exceptions.

The unmistakable import of the words of the bill of exceptions indicates that the transcript contains all of the evidence. It is only necessary that either in the bill itself or in the certificate of the judge, that it be stated "that it contains all of the evidence given in the cause" or words of equivalent import. *McMurran* v. *Hannum* (1916), 185 Ind. 326, 113 N. E. 238.

The appellees also criticise the brief of the appellants as not being in compliance with the rules of this court. They complain that all of the pleadings and the findings are not set out in full in the appellants' brief and that more than one assignment of error is handled under one proposition, but we feel that the appellants have endeavored to comply with the rules and have written into the brief sufficient so that this court understands the questions presented. The substance of the pleadings and findings is set out, and the

propositions and points are applied to the various assignments of error. A brief is sufficient when its form shows that the brief-maker had in mind at all times the various rules and has so presented his questions that under the rules and with full application thereto, the court can understand the various points made by the brief-maker.

The contentions of the appellees having been answered, we shall now turn our attention to the claims of the appellants.

In the appellants' brief a claim of error is predicated on the overruling of the demurrer to the amended complaint, but the only points made are that the action must be prosecuted by the real parties in interest under § 2-201, Burns' 1933, § 16, Baldwin's 1934; that the complaint must be good as to all plaintiffs; and that all who join or unite as plaintiffs must have common interest in the subject-matter of the action.

The amended complaint upon which this cause was tried is entitled Jane B. Coughlin, as Trustee, v. Alfred A. Kist, Robert M. Kist, Merle Kist, Portland Republican Company, Sun Publishing Company, Morton S. Hawkins, Genevra I. Hawkins. The only plaintiff is Jane B. Coughlin, as trustee, and as she alleges a partnership between Morton S. Hawkins and Alfred A. Kist and an assignment in writing by Morton S. Hawkins and Genevra I. Hawkins to her, we cannot see how she is not the real party in interest under the section of the statutes to which reference is made above. She is the only one who could sue under the circumstances. § 2-226, Burns' 1933, § 42, Baldwin's 1934, *Morrison, Administratrix* v. *Ross, Administrator* (1888), 113 Ind. 186, 14 N. E. 479.

The assignors were joined as defendants as provided by the section of the statutes last cited. Points two and three can raise no question since there was a single plaintiff. Therefore, there was no error in overruling the demurrer.

Appellants also assert that the decision of the court is not sustained by sufficient evidence and is contrary to law. Under this proposition it is claimed that the action is on the theory of an oral partnership agreement made in 1918, supplemented by a written agreement in 1921, and that since the purpose of the contract could not be performed within one year it is within the statute of frauds and unenforcible. Here we are not concerned with an oral contract of partnership to take effect in the future but rather with an oral contract that was completely executed. The plaintiff seeks, not a continuance of a, partnership, but a dissolution thereof and a division of the property acquired.

The case of *Meyer* v. *E. G. Spink Co.* (1921), 76 Ind. App. 318, 124 N. E. 757, cited by appellants, is one where the moving party was attempting to force defendants to proceed with an executory oral contract which was not to be performed within the space of one year, and the court correctly found that the plaintiff had no cause of action.

The case of *Miller* v. *Sharp* (1912), 52 Ind. App. 11, 100 N. E. 108, also cited by appellants, involved the purchase and sale of a quantity of corn. In that case, the complaining party depended upon a contract partly in writing and partly in parol, and the court held that inasmuch as there never was a meeting of the minds of the contracting parties, no contract was ever created between them. The authorities on which appellants rely, do not sustain or support their position.

Here there was a parol contract of partnership; later a written contract was executed to cover ownership of stock in a corporation in which the partnership was interested. The written agreement did not attempt to cover the terms of the oral contract but was merely supplementary thereto and both could be enforced. 1 Greenleaf on Evidence (14th ed.), p. 361, § 284 A, *Welz* v. *Rhodius* (1882), 87 Ind. 1; *The Singer Manufacturing Company* v. *Forsyth et al.* (1886), 108 Ind. 334, 9 N. E. 372.

The appellants allege that the object of the parol contract was to acquire stock and control of corporations and that the purpose of the contract was illegal and void. This same contention was made in the original appeal from the interlocutory judgment, and on that question this court said: (*Kist* v. *Coughlin, Tr.* (1936), 210 Ind. 622, 630, 631, 1 N. E. (2d) 602, 605.)

"No reason is suggested why a partnership may not own stock in corporations, and by this means control their management and operation, and through dividends receive the profits. But if it were against public policy that fact could hardly be taken advantage of by the partner in possession of partnership property as a reason for not accounting to his partners for their share of the property."

The statement by this court made at that time is the law of this case and binding upon the appellants as well as upon the other parties to the action.

It is also complained that the failure of Hawkins to pay deficits when and if they occur ousts him from the partnership, but there is a complete failure to show any instance wherein Hawkins did not furnish or cause to be furnished any money that was needed or necessary for the operation of the business. It is likewise asserted

that the sale of the partnership interest by Hawkins caused a dissolution of the partnership, but the law of this case is to the effect that the sale of a partnership interest is merely a cause for dissolution and that it does not of itself terminate the partnership. *Kist v. Coughlin, Tr., supra.*

It is likewise asserted that the trust agreement of 1933 is illegal and void on its face because of the non-residence of the trustee. This illegality is claimed by reason of § 56-602, Burns' 1933, § 14735, Baldwin's 1934.

In the case of *Johnston v. State* (1937), 212 Ind. 375, 381, 8 N. E. (2d) 590, 593, 594, the question arose as to whether or not an assignment made outside the State of Indiana for the benefit of persons residing outside the State would come within the inhibitions of this section, and there this court said:

> "The act in question was held unconstitutional in *Roby, Trustee v. Smith et al.* (1892), 131 Ind. 342, 30 N. E. 1093, and if it was intended to prohibit a citizen of Indiana from delivering property to a trustee in Ohio, under a contract entered into in Ohio, for the benefit of himself and others, who are non-residents of the state of Indiana, its unconstitutionality can scarcely be questioned."

Here Morton S. Hawkins was a resident of Illinois, Genevra I. Hawkins and Jane B. Coughlin, trustee, were residents of Florida, and the assignment was executed outside this State. Under these facts the claim of the appellants lacks merit.

It is asserted by the appellants that the interlocutory judgment from which the appeal was taken in 1934 does not determine any of the facts in the cause and is also subject to the order and control of the court, and may at any time be modified or

rescinded. Reliance is based on the case of *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 208, 209, 82 N. E. 461, 462, wherein this court said:

". . . so long as a cause is *in fieri* intermediate orders are subject to modification or rescission by the court."

However, the opinion in this case also says:

"A decretal order although interlocutory in its nature may, of course, be carried forward and embodied in a final decree and thus become an essential part of that decree, but until it is so embodied in the final decree no appeal will lie."

In the instant case an appeal was possible and was taken from the interlocutory judgment because of the provisions of our law relative to the appointment of receivers. § 2-3218, Burns' 1933, § 490, Baldwin's 1934.

We can see no benefit accruing to the appellants because of the decision in the above cause, especially in view of the fact that modification of the interlocutory judgment was refused and that judgment was brought forward and embodied in and made a part of the final judgment in this cause.

The appellants complain that the judgment is not certain and definite; that it orders defendants to turn over to the receiver, property that they do not have, and over which they have no control. However, the judgment is not subject to the criticism urged against it by the three main defendants, and because of our decision in regard to the other defendants, we need to treat the matter only as it relates to appellants, Kist, Kist and Kist.

It is true that a judgment for money must be certain and definite. It must name the amount due. 1 Free-

man on Judgments, p. 148, § 84, 15 R. C. L. 593, § 30; *Pittsburgh, Ft. Wayne & Chicago Raiyway Co.* v. *The City of Chicago* (1869), 53 Ill. 80; *Johnson* v. *Hubbart* (1915), 269 Ill. 532, 109 N. E. 975; *Wernwag* v. *Brown and Another* (1834), 3 Blackf. 457.

The finding, conclusions of law and judgment as against Robert M. Kist and Merle Kist Burdg, follow the allegations of the complaint and the evidence in the record in support thereof, and we cannot say that they are harmed by any lack of certainty in the judgment. They were the medium by which Alfred A. Kist attempted to place a great amount of property beyond the control of the court in the accounting.

Alfred A. Kist is the only one who could complain that the judgment is erroneous, because under one named condition he would be allowed Thirty-five Dollars ($35.00) per week, while under another, the allowance would amount to a much higher figure. However, his situation is such that this complaint cannot avail him. He was a partner, and as shown by the finding (after deleting evidentiary facts and conclusions of law contained therein), the court found that his agreement was such as to entitle him to Thirty-five Dollars ($35.00) per week.

A partner is not entitled to any salary unless there is shown an agreement to that effect or circumstances from which such agreement may be implied. *McBride* v. *Stradley* (1885), 103 Ind. 465, 2 N. E. 358; 2 Bates on Law of Partnership, pp. 819, 827, §§ 770, 777; Parsons on Partnership (4th ed.), p. 221, § 172; Story on Partnership (7th ed.), p. 304, § 182; *Lee et al.* v. *Davis et al.* (1880), 70 Ind. 464; *Lassiter et al.* v. *Jackman* (1882), 88 Ind. 118.

Here there is evidence to support the finding that there was an agreement limiting his salary to Thirty-five Dollars ($35.00) per week. It is true that the court could have found that he was entitled to a higher salary, but this court cannot disturb a finding that is supported by the evidence, or a conclusion of law that follows the finding. *Pingry* v. *Indiana, etc., Power Co.* (1926), 197 Ind. 426, 151 N. E. 226. Alfred A. Kist cannot complain because the court unduly favored him and gave him an opportunity to realize a greater salary than was finally allowed.

In the original complaint the defendants named as parties and served with summons were the Kists, the Hawkins, the Sun Publishing Company and the Portland Republican Company. The two corporations addressed demurrers to the complaint, which were sustained, and thereafter no amended complaint was filed by the appellee, Jane B. Coughlin, trustee, stating a cause of action against the two corporations.

It is true a number of supplemental pleadings in the nature of complaints were filed for and on behalf of the receiver, but we can see no way by which a receiver in a cause can increase, or decrease, the number of parties to a main action. His powers and duties are well defined by statute, by court decisions, and by texts. It is his duty to protect any and all property of which he is placed in either actual or constructive possession by the court which named him. To do this, he has the authority to request the court to exercise summary jurisdiction over persons or corporations who deny or interfere with his right to possession, where the property is constructively in his possession. This may include persons who are strangers to the record. § 3-2613, Burns' 1933; § 1153, Baldwin's 1934; *Davis* v. *Roach, Rec.* (1925), 83 Ind. App. 320, 148 N. E.

498; *Irwin's Bank* v. *Fletcher, etc., Trust Co. Rec.* (1925), 195 Ind. 669, 146 N. E. 909; *Interstate Finance Corp.* v. *Dodson, Rec.* (1938), 105 Ind. App. 513, 12 N. E. (2d) 989; 1 Clarke on Receivers (2d ed.), pp. 795, 796, § 584. Further, a receiver takes the res of the receivership estate subject to all liens and equities, and the rights of creditors are fixed as of the time of the appointment. *Interstate Finance Corp.* v. *Dodson, Rec., supra.* However, he is not a party to the main action and his rights and powers flow from the appointing court. His action cannot cut down or enlarge the rights of the parties in interest.

The record does not show either corporation as appearing or taking part in the litigation until brought in on the supplemental pleading, and even then ▉ the Portland Republican Company was not in-.cluded as a defendant. These parties were removed from the main action when the court entered a judgment in their favor following the sustaining of the demurrers and failure to plead over. *Stuck* v. *Town of Beech Grove, supra; Nickless* v. *Pearson.* (1891), 126 Ind. 477, 26 N. E. 478.

In addition to the two corporations, various other individuals were brought in by the receiver under the claim that they denied him possession of the ▉ property turned over to him by the court. No entry of judgment was made as to the parties thus brought before the court, save and except by the finding and judgment in the main action. These people not having voluntarily appeared to the main action and it appearing from the record that the purpose of service on them was to reach property belonging to the receiver and property within his possession, the court was exercising its summary jurisdiction for the

protection of the receivership estate, and the parties thus brought in were not thus made parties to the main action. They could not question anything had or done therein. Their interest did not extend beyond an adjudication giving or denying the receiver the property or right he claimed under the orders of the appointing court. *Cook* v. *The Citizens National Bank, supra;* 1 Clarke on Receivers (2d ed.), pp. 795, 796, § 584.

There is another group in this appeal who were not made parties to the main action and who never appeared to the action or waived service. It appears that one Urban T. Bonifas filed a cross-complaint claiming an interest in the assets of the receivership adverse to plaintiff in the main cause, but in which the other defendants had no interest. In effect it was a claim in the receivership to determine where and to whom certain funds should be paid. This cross-complaint was dismissed and judgment of dismissal entered. That put an end to this branch of the case whether it was germane to the main action or not. *Indiana Travelers', etc., Assn.* v. *Doherty* (1919), 70 Ind. App. 214, 123 N. E. 242; *Koons* v. *Williamson, et al.* (1883), 90 Ind. 599. By that dismissal Bonifas was removed from this cause, and the individuals named by him in his pleading, if that in any way brought them into the cause, are likewise removed.

The judgment is reversed as to the Portland Republican Company, Joseph M. Aldridge, Edward E. Cleveland, Robert W. Reid, William M. Greenleaf, Clyde Simpson, William H. Miles, Julius D. Jones, Aaron Spievak, Solomon J. Highsmith, Liston O. Reed, David G. Fender, Nelson M. Dall, Henry R. Ford, and Urban T. Bonifas, and the lower court shall enter judgment

in favor of each of the above, but with costs as against Urban T. Bonifas.

The judgment is reversed as to the Sun Publishing Company, Malcolm V. Skinner, Russel E. Wise, Arthur E. Lee, James R. Fleming, Fred R. Bechdolt, Roscoe D. Wheat, Charles R. Davison, Harry J. Lay, The Portland Theatre Realty Company, Inc., Ida R. Hines, Homer Evans, David Teeple, Charles Burdg, Richard Burdg, and Earl Burdg, with instructions to sustain their motion for a new trial. The issues of such trial must be confined to the limits of the court's summary jurisdiction, without curtailing the right to file amended or additional pleadings. It may be stated that we do not here determine the limits of the court's summary jurisdiction nor deny to the receiver the right to file a plenary action against any one or all of these parties.

It is clear that confusion will be avoided if the receiver is permitted to retain the possession and control over the corporate or other property until decision or dismissal of the summary action below. Any change in possession should only be made after hearing and order of the trial court.

The judgment is affirmed as to appellants Alfred A. Kist, Robert M. Kist and Merle Kist Burdg.

The death of appellant Clyde N. Chattin, having been suggested, and questions raised as to him being moot, the appeal as to him is dismissed.

NOTE.—Reported in 57 N. E. (2d) 199.

ON MOTION TO MODIFY AND PETITIONS FOR REHEARING.

O'MALLEY, J.—The appellee, Jane B. Coughlin, trustee, has moved to modify the first paragraph of the mandate of the original opinion.

In the opinion we held that Joseph M. Aldridge, Edward E. Cleveland, Robert W. Reid, William M. Greenleaf, Clyde Simpson, William H. Miles, Julius D. Jones, Aaron Spievak, Solomon J. Highsmith, Liston O. Reed, David G. Fender, Nelson M. Dall, and Henry R. Ford were not parties to either the main action or the summary proceeding. This being true, the judgment against them should be reversed and no judgment should be rendered either for or against them.

The first paragraph of the mandate of the opinion is therefore modified to read as follows:

The judgment is reversed as to the Portland Republican Company, Joseph M. Aldridge, Edward E. Cleveland, Robert W. Reid, William M. Greenleaf, Clyde Simpson, William H. Miles, Julius D. Jones, Aaron Spievak, Solomon J. Highsmith, Liston O. Reed, David G. Fender, Nelson M. Dall, Henry R. Ford and Urban T. Bonifas, and the lower court is instructed to enter judgment in favor of the Portland Republican Company and Urban T. Bonifas, but with costs as against Urban T. Bonifas.

The mandate of the original opinion is modified as above indicated, and the petitions for rehearing are denied.

NOTE.—Reported in 57 N. E. (2d) 586.