GORDON, SECRETARY OF BANKING OF PENNSYLVANIA, *v.* OMINSKY ET AL., RECEIVERS.

No. 395. Argued January 14, 1935.—Decided February 4, 1935.

*Mr. Wm. A. Schnader,* Attorney General of Pennsylvania, with whom *Mr. Harold D. Saylor,* Deputy Attorney General, was on the brief, for petitioner.

*Messrs. Oscar Brown* and *Grover C. Ladner,* with whom *Mr. Charles Polis* was on the brief, for respondents.

MR. JUSTICE STONE delivered the opinion of the Court.

This case comes here on certiorari, directed to the Court of Appeals for the Third Circuit, which was granted to resolve the questions of public importance also involved in No. 394, *Pennsylvania* v. *Williams,* just decided, *ante,* p. 176.

On March 31, 1933, certain citizens of New Jersey, shareholders in the Christian A. Fisher Building & Loan Association, a Pennsylvania corporation, filed their bill of complaint against the Association in the district court for eastern Pennsylvania. The bill alleged the requisite diversity of citizenship and jurisdictional amount; that the Association was insolvent; that its assets might be dissipated and sacrificed in the efforts of creditors to realize payment of their claims from its property, and prayed the appointment of receivers and an injunction. Thereafter, the Secretary of Banking, acting under the Banking Act of the Commonwealth of Pennsylvania of June 15, 1923, P. L. 809, after due hearing, found the Association

to be insolvent; and on April 8, 1933, he issued and filed his certificate, taking possession of the association and appointing a special deputy agent to assist in the liquidation of its business and property. The state Secretary of Banking, petitioner here, was substituted as defendant in the pending suit and filed an answer, in which he set up the action taken by him and prayed that the bill of complaint be dismissed. After a hearing upon bill and answer, the district judge entered his decree appointing permanent receivers, respondents here, and enjoining all persons from taking possession of, or interfering with, the property of the defendant. The decree was affirmed by the Court of Appeals for the Third Circuit. 72 F. (2d) 517.

For reasons stated at length in *Pennsylvania* v. *Williams, supra,* we conclude that the district court acquired jurisdiction of the cause upon the filing of the bill of complaint in that court. See also No. 431, *Penn General Casualty Co.* v. *Pennsylvania ex rel. Schnader, Attorney General,* decided this day, *post,* p. 189. But we think that, upon the bare showing in a shareholder's bill that the defendant corporation was insolvent, the court would have been well within the exercise of a proper discretion had it declined the appointment of receivers and directed a dismissal of the bill for want of equity. In any event, the allegations of the answer, that the possession and control of the assets of the defendant by the Secretary of Banking, pursuant to statute, will result in the preservation of the assets of the defendant and the proper distribution of funds realized from their liquidation, are not challenged. The considerations which should have induced the district court, in the proper exercise of its discretion, to relinquish jurisdiction in *Pennsylvania* v. *Williams, supra,* should have led to the same result here.

The decree will be reversed and the cause remanded. The district court will direct that all assets and property

in the possession of the receiver be, with all convenient speed, surrendered to the Secretary of Banking, the receivers retaining only sufficient of the assets of the defendant association to pay their reasonable fees and any obligations lawfully incurred by them. Jurisdiction will be retained by the district court only for that purpose and for the purpose of promptly discharging the receivers and settling their accounts, after which the suit will be dismissed.

*Reversed.*