## OLD FIRST NAT. BANK & TRUST CO. OF FORT WAYNE, IND., v. BARRETT, Auditor of Public Accounts, et al.

### No. 2068.

District Court, S. D. Illinois, S. D.

May 14, 1936.

· Jacob Levin, of Chicago, Ill., and Brown, Hay & Stephens, of Springfield, Ill., for plaintiff.

Otto Kerner, Atty. Gen., of Illinois, and Francis E. Matthews and Schuyler, Weinfeld & Hennessy, all of Chicago, Ill., for defendants.

BRIGGLE, District Judge.

The pleadings disclose the following admitted facts: The Chicago Bank of Commerce (hereinafter called bank) was a banking corporation organized under the general banking laws of Illinois and au-thorized to do a trust business. While it was a going concern, it became trustee of various trust funds and continued to act as such trustee until the bank was closed by the State Auditor, who appointed a receiver pursuant to the statute. The plaintiff was thereupon appointed successor trustee of the trust fund in question and the bank receiver turned over to plaintiff, as successor trustee, a large amount of the assets of such trust but has failed to account for the sum of $38,689.88. At the instance of the State Auditor, the circuit court of Cook County, Illinois, assumed jurisdiction over the liquidation proceedings growing out of the closing of the bank.

The plaintiff, a national banking association of Indiana, now invokes the equity jurisdiction of the federal court to reach and liquidate certain securities theretofore deposited by the defunct bank with the State Auditor of Illinois as a condition precedent to doing a trust business in Illinois. It is averred and admitted that the plaintiff and many others similarly situated have a lien on such securities superior to the rights of general creditors of the bank.

Plaintiff contends that the state court is without jurisdiction in the proceedings now pending before it to liquidate the securities so deposited with the Auditor. Defendants support the jurisdiction of that court and aver that the pendency there of such proceedings precludes the federal court from assuming jurisdiction.

The question arises on plaintiff's motion to strike certain portions of defendants' answers. The question first arose on defendants' motion to dismiss the bill. At the hearing on the motion to dismiss the bill, the court's attention was specifically directed to the averments of the bill that the securities so deposited with the Auditor were not being properly conserved, were deteriorating in value, and were in danger of forfeiture for nonpayment of taxes. A court of equity being always alert to protect trust property, it seemed that in the face of such allegations the plaintiff might properly invoke the equity powers of the court regardless of other considerations. Mature consideration was not given at that time to the questions now presented because it seemed unnecessary on a general motion to dismiss the bill. The answers subsequently filed join issue with such averments of maladministration, and that question is not now before the court.

The motion to strike certain portions of the answers directly reaches the question of the right or duty of a federal court to assume jurisdiction of an equitable proceeding to reach and liquidate property deposited by a state bank with the state auditor under section 6 of the Trust Act of Illinois (Smith-Hurd Ann.St.Ill. c. 32, § 292), where a statutory receiver has already entered upon a liquidation of the bank and a state court has, at the instance of the auditor, assumed jurisdiction of the general liquidation proceeding. The bank having come into possession of certain trust property and having breached its duty, as such trustee, to the plaintiff and others, the plaintiff in seeking to reach the funds on deposit with the Auditor as security against such breach, and by representation to bring in all beneficiaries of trusts similarly interested and have their rights determined would seem to present a perfect case for equitable intervention. The more troublesome question, however, is whether the federal court should be deterred from so assuming jurisdiction because the state court long before the filing of the present bill had assumed jurisdiction of the general liquidation proceeding.

■ Plaintiff undertakes to draw a distinct line of demarcation between a corporation doing a trust business and one doing a banking business, and reasons that a proceeding to liquidate the bank in no way confers upon the bank receiver or the court in which it is pending any authority or jurisdiction over the trust business or the property deposited with the Auditor as a pledge for the faithful performance of such trusts. I think plaintiff in part reasons correctly, for the situation is governed by two distinct statutes of Illinois—the one by the general banking act (Smith-Hurd Ann.St.Ill. c. 16½, § 1 et seq.; Ill. Rev.Stat.1935, ch. 16a, par. 1 et seq.), and the other by the act relating to trust companies (Smith-Hurd Ann.St.Ill. c. 32, § 287 et seq.; Ill.Rev.Stat.1935, c. 32, par. 345 et seq.) The instant case, however, is one of a corporation organized to engage in a general banking business which has also qualified to do a trust business under the Trust Act. One corporate entity only is involved. The assets of the bank, whether employed in connection with its general banking business or in connection with its trust business, are none the less the property and assets of a single corporation, and under the provisions of section 11 of the Banking Act (Smith-Hurd Ann.St.Ill. c. 16½, § 11) the receiver appointed by the Auditor succeeds to the legal title and the right of possession of the "books, records and assets of every description of such bank."

On application of the Auditor, the state court, on August 8, 1932, assumed jurisdiction and by its decretal order of that date found that the receiver theretofore appointed by the Auditor had taken possession of the assets, property, and effects of the bank, and confirmed and approved the appointment of such receiver. This decree undertakes to further invest the receiver with "whatever powers may be necessary for the purpose of collecting, conserving and reducing to possession all the property, assets and effects of said Bank, real, personal, and mixed, including all choses in action wherever the same may be situated * * *." It further orders that all claims of depositors and of all other creditors shall be filed with the receiver or in court on or before a certain date and directs the giving of notice to that effect and authorizes the performance by the receiver of all such acts as may be necessary to conserve the trust estate and secure and protect the interests of the creditors of said bank. Neither the statute nor the decree of the state court in this respect undertakes any distinction between trust creditors and general creditors.

■ It is urged by plaintiff, however, that the scope of the bill filed by the auditor in the state court is insufficient to confer jurisdiction upon that court of the funds now sought to be reached. If so, then the preliminary decree of the state court assuming jurisdiction is probably broader than the bill, for this decree undoubtedly undertakes to extend a protecting hand to all property in which the defunct bank had an interest.

However, we find that on October 2, 1933, leave was granted the plaintiff herein by the state court to intervene in such proceeding, and on the same date plaintiff filed its intervening petition in that court. Among other things, this intervening petition avers "that pursuant to the laws of the State of Illinois, said Chicago Bank of Commerce deposited with the Auditor of Public Accounts of the State of Illinois securities of a total value of $500,-000.00 for the benefit of the creditors of said Chicago Bank of Commerce as Trustee, including this petitioner and that said

securities are still in the possession of the Auditor of Public Accounts of the State of Illinois. That this petitioner is entitled to its pro rata share and distribution of the amount realized from the collection and other liquidation of said securities in the possession of the Auditor * * * and if all such collections *. * * do not realize sufficient funds to pay this petitioner's said claim in full that the unpaid balance thereof should be paid in full under order of this Court * * *." The prayer of the petition is that the state court shall direct plaintiff's claim to be paid pro ratably out of such assets in the hands of the Auditor, and the unpaid balance, if any, as a preferred claim out of other assets.

Thus it seems plain that it was the purpose of the state court to assume jurisdiction over all the property and assets of the bank in so far at least as it might lawfully do so, and from the intervening petition of the plaintiff filed therein this purpose was recognized and the plaintiff by its intervening petition asked for very specific relief with reference to the funds in the hands of the Auditor. It is of little moment at this time that the plaintiff, in invoking the jurisdiction of the state court, by its intervening petition, may have failed to bring in necessary parties to confer full jurisdiction upon that court to liquidate the fund in the hands of the Auditor. It is sufficient to observe that the plaintiff did invoke the jurisdiction of that court for the purpose of having its interest declared in such fund and that court accepted such intervening petition and directed that answer thereto be made. Without further effort to bring all persons interested before that court, plaintiff now invokes the jurisdiction of this court for substantially a like purpose. True, the bill here presented is more aptly drawn and broader in its scope, yet, in the absence of objection, I believe the intervening petition so filed in the state court was sufficient to confer jurisdiction upon that court over the subject-matter of the fund in the hands of the auditor. This I believe to be true, even though we adopt plaintiff's theory that the Auditor's original bill filed in that proceeding be held insufficient in that behalf. The intervening petition of the plaintiff therein is germane to the general subject-matter of the original bill and may well be treated as a cross-bill upon which affirmative relief may be had with reference to a liquidation of the funds in the hands of the Auditor, when the state court has by appropriate proceedings gained jurisdiction over all necessary parties.

As has been pointed out, under the provisions of section 11 of the Banking Act, such interest as the bank still retained in the securities in the hands of the auditor has passed to the statutory receiver, subject only to the satisfaction of the claims of those creditors of the bank for whose benefit the deposit was made. This receiver has invoked the jurisdiction of the state court and in obedience to the statute and under the authority of the state court has notified all creditors of the bank to present their claims. There appear to be some 2,300 who claim a special interest in the funds in the hands of the Auditor, a very great many of whom (including the plaintiff) have already filed their claims in the state court, had them allowed, and received a dividend of 10 per cent. from the general assets.

While conceding this to be a proper procedure so far as its status as a general creditor is concerned, plaintiff avers that anything that has been done in the state court looking to a fixing of rights in the funds so deposited with the Auditor is coram non judice.

Undoubtedly the state court is a court of competent jurisdiction and one that has jurisdiction of the subject-matter (if not under the original bill, then by the intervening petition). Whether that court has obtained jurisdiction of all the parties so interested in the special fund on deposit with the auditor, this court need not determine, for the reason that if it has not already done so it *may* do so at the instance of the plaintiff, or any other beneficiary or the Auditor or receiver. Certainly, it would seem that there can be no proper disposition of that fund until jurisdiction over all parties with an interest has been obtained and a proper order of a "court of competent jurisdiction" had. Section 6, Trust Act, supra. However, the fact, if it be a fact, that some necessary parties are not yet before the state court, would not alone justify this court in assuming jurisdiction over the assets in the hands of the Auditor.

In discussing the duties of a state superintendent of banks in the case of Bramwell v. United States Fidelity & Casualty Co., 269 U.S. 483, 46 S.Ct. 176, 178, 70 L. Ed. 368, Justice Butler said: "The statutes

of the state [Oregon] * * * provide for the handing over of the property of insolvent banks to the state superintendent of banks to be by him administered and disposed of for the benefit of creditors. * * * Under the state law, when he took possession of its assets, liens thereon, amounting in all to more than the value of the property, attached in favor of the depositors. * * * He was empowered, and it became his duty, to collect all debts and claims belonging to the bank, to sell its property under the direction of the court * * * and it was his duty, out of the estate, to pay expenses, and from time to time, as directed by the court, to apply the funds remaining in his hands to the payment of the bank's creditors according to their rights and priorities. * * * The state law excludes all other methods for the liquidation of the debts of insolvent banks. Appellant's [State Superintendent of Banks] duties were in substance the same as those of a trustee having the legal title of property for the purpose of converting it into money to be paid over to specified persons. * * * Appellant had a power that for present purposes had the same effect as a title, and that is enough."

Defendants in the instant case attach importance to the fact that the State Auditor who assumed control over the defunct bank and appointed the receiver and invoked the jurisdiction of the state court, as indicated, is one and the same individual as the State Auditor who has possession of the securities placed on deposit by the defunct bank, under section 6 of the Illinois Trust Act, supra. Whether this has any particular significance or not, it is, of course, an admitted fact.

■ I am impelled to the conclusion that the state court has jurisdiction of the subject-matter of the fund now in controversy, and having entered upon the administration of the general liquidation of all assets of the bank, I believe that the exercise of sound discretion dictates noninterference by this court. This conclusion is reached regardless of the fact that I believe that this court also has jurisdiction of the subject-matter. This view finds support in: Gordon v. Washington et al., 295 U.S. 30, 55 S.Ct. 584, 79 L.Ed. 1282; Penn Gen. Cas. Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; Pennsylvania v. Williams et al., 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R.

1166; Gordon v. Ominsky, 294 U.S. 186, 55 S.Ct. 391, 79 L.Ed. 848; Reconstruction Finance Corporation v. Zimmerman, 76 F. (2d) 313 (C.C.A.4th); and other cases.

■ Subsections b, c, and d of paragraph 14 of defendants' answers are mere conclusions of law and add nothing. To this extent the motion to strike is allowed and in all other respects denied.

In the observations here made, the court has, with the acquiescence of all parties, treated the exhibits, heretofore presented on the motions to dismiss the bill, as a part of the answers.