**HUTCHINS v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA et al.**

**No. 1174.**

District Court, S. D. California, Central Division.

July 22, 1937.

McAdoo, Neblett & Warner, of Los Angeles, Cal., for complainant.

U.S. Webb, Atty. Gen. of California, for the State of California.

U. S. Webb, Atty. Gen. of California, and John L. Flynn, Deputy Atty. Gen., for respondent Samuel L. Carpenter, Jr., Insurance Com'r of California.

Mitchel, Silberberg, Roth & Knupp, of Los Angeles, Cal., for respondent Pacific Mut. Life Ins. Co. of California, by Samuel L. Carpenter, Jr., as liquidator.

Asa V. Call, T. B. Cosgrove, F. J. O'Neil, John N. Cramer, and Overton, Lyman & Plumb, of Los Angeles, Cal., for respondents Pacific Mut. Life Ins. Co. of California and its respective directors.

ROCHE, District Judge.

In this equitable proceeding, complainant desires the court to order the Pacific Mutual Life Insurance Company and others to reconvey $215,000,000 of assets to the Pacific Mutual Life Insurance Company of California. An accounting and appointment of a receiver is requested also.

Respondent Carpenter is the Insurance Commissioner of California. Section 1011 of the Insurance Code of California (St. Cal.1935, p. 540) requires the Commissioner to investigate insurance companies, and if he finds one insolvent, to present a petition to the superior court of California asking that he be appointed conservator of it and that title to the company's assets be vested in him.

On July 22, 1936, Carpenter presented such a petition to the superior court in Los Angeles county, alleging that the Pacific Mutual Life Insurance Company of California was insolvent and asking that he be appointed conservator and that title to the assets be vested in him. All the parties defendant named in the petition, and constituting the company and its directors, appeared and waived service of process. Judge Edmonds, on the same day, approved the petition and granted its prayers. Carpenter immediately filed another pleading alleging his efforts as conservator were futile and asked, in accordance with the California Insurance Code, to be appointed liquidator. Judge Edmonds did so at once. Carpenter thereupon presented a plan of reorganization which provided, in part, that a new company—the Pacific Mutual Life Insurance Company—was to take over all the old company's assets. This plan was approved the same day by Judge Edmonds, and was later fully executed. Some time later Judge Edmonds deemed himself disqualified, and the case was assigned to Judge Willis of the same court, who confirmed all of Judge Edmonds' orders nunc pro tunc. The final decree was entered in the superior court in December of 1936, and an appeal is now pending in the State

Supreme Court. All the properties and assets are subject to the control of the state courts and have been since July, 1936. The present suit was filed in the Federal District Court in June of 1937.

▋ This court has jurisdiction to appoint equity receivers in proper cases where, as here, diversity of citizenship appears. The state court has jurisdiction to supervise insolvent insurance companies. It thus appears that here there is concurring jurisdiction. This action, and the one in the state courts, are actions in rem, or, at least, quasi in rem. The relief sought is primarily concerned with the assets in question. The rule in such cases is that the court first acquiring jurisdiction of the res has exclusive jurisdiction. Lion, etc., Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Penn Gen. Casualty Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; U. S. v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331; Palmer v. Texas, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435. Under the law the state court apparently has secured exclusive jurisdiction. Although it had not, it would appear idle for this court to proceed in the matter, for federal jurisdiction must be relinquished to the state court, even where state jurisdiction attaches later in point of time than does the federal, in cases such as this, where the matter is peculiarly within the province and duty of the state, its officers or courts. Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166; Gordon v. Ominsky, 294 U.S. 186, 55 S.Ct. 391, 79 L.Ed. 848; Penn Gen. Casualty Co. v. Pennsylvania, supra.

The solicitor for the complainant ably endeavored to show that these rules were inapplicable.

I. To refute the first proposition, reliance was placed upon the fact that the complaint shows that although Carpenter acted as Insurance Commissioner, was appointed such by the Governor of California and confirmed by the Senate, and was in undisputed possession of the office, he still was not legally Commissioner because he was not eligible to appointment, it being averred on information and belief that he held positions in subsidiaries of Pacific Mutual contrary to the California law. Hence it is argued that his acts were void. The complaint further alleges that Judge Edmonds was disqualified; his acts were void and could not be confirmed by Judge

Willis. It is further argued that the entire proceedings were fraudulent. The fraud is apparently inferred from the facts of Judge Edmonds' disqualification, Commissioner Carpenter's de facto status, and the rapidity with which the proceedings of July 22, 1936, were transacted. Nothing other than this can be found in the complaint. These facts, it is urged, show a lack of state jurisdiction.

▋ Jurisdiction would vest in the state court upon the filing of the Commissioner's petition. Penn Gen. Casualty Co. v. Pennsylvania, supra. Acts occurring subsequently would be immaterial. It seems then that the question is whether Carpenter, being a de facto and not a de jure Commissioner, could file a petition giving the state court jurisdiction of the Pacific Mutual proceedings. The California Insurance Code requires that only the Commissioner can file such a petition, or be appointed conservator or liquidator. Several answers can be made to the case presented.

▋ First, whether Carpenter was legally or de facto the Insurance Commissioner, whether or not his acts were void, whether or not Judge Edmonds was disqualified and his acts void, and whether or not the state court had jurisdiction, are all matters of state law to be decided by the state court. There are no federal questions presented, and hence the state trial court's ruling is conclusive here unless and until reversed by a higher state court. This court can take judicial notice of state judgments declaring the state law. Lamar v. Micou, 114 U.S. 218, 223, 5 S.Ct. 857, 29 L.Ed. 94; Judith Basin Land Co. v. Fergus County (C.C.A. 9) 50 F.(2d) 792; Ohio ex rel. Seney v. Swift & Co. (C.C.A. 6) 270 F. 141. The state judgment in the case of Carpenter v. Pacific Mutual Life Insurance Co. of California, Los Angeles Superior Court No. 404673, has determined the state court did have jurisdiction, and it cannot be disturbed here. There is nothing in the pleadings to show that the state court did not have full knowledge of all the facts. Having taken judicial notice of the decision, this court is not bound by the allegations in the complaint, contrary to the state judgment, alleging the state court had no jurisdiction.

▋ Second, assuming this court could review the Commissioner's power to act and his right to hold office, it could be done only in quo warranto proceedings where the attack was direct. Here, the main re-

lief asked is that the court order reconveyance of transferred assets and that an equity receiver be appointed. The Commissioner's power to file the petition in the state court against the insurance company is questioned only collaterally. The rule is that suit must be brought directly, not only against the Commissioner, but also for the purpose of testing his title to office, otherwise his acts as de facto commissioner are valid. 21 Cal.Jur. 1015, § 175; 46 Corp. Jur. 1006.

Third, if this was a direct proceeding in which Carpenter's right to act as Commissioner could be reviewed, the court would feel constrained to hold that as de facto commissioner he did have the right to file a petition against the Pacific Mutual Company in the state court sufficient to confer jurisdiction upon the superior court.

The complaint does not charge any fraud in the filing of the petition, nor does it allege that the company was not insolvent. It must be presumed that Carpenter acted in good faith and in accordance with the duty outlined in the California Insurance Code. Charges of fraud arising after the filing are immaterial in so far as jurisdiction is concerned. There is no reason to depart from the general rule that the acts of a de facto officer are valid until such time as it is judicially determined he has no legal right to his office. 21 Cal.Jur. 1014. See, also, In re Fox West Coast Theatres (C.C.A.9) 88 F.(2d) 212, at page 230.

II. To refute the second proposition established by the line of cases headed by Pennsylvania v. Williams, supra, that it would be necessary upon the filing of a proper petition by state officers for this court to relinquish any jurisdiction it might obtain to the state courts, solicitor for complainant cited Chicago, R. I. & P. Ry. v. Callicotte (C.C.A.) 267 F. 799, 16 A.L.R. 386. It is contended that the case supports the proposition that a federal court may assume jurisdiction to set aside any state judgment obtained by fraud even though an appeal to the state supreme court be pending.

That case and this are widely divergent. It is difficult to characterize the Pacific Mutual proceedings as fraudulent for all that appears in the complaint. No extensive discussion is needed further other than to point out that the Callicotte Case was concerned purely with a state action in personam and not in rem. It contains nothing contrary to what has been said herein. Finally, if it be conceded that fraud in the Pacific Mutual state proceedings is pleaded herein, relief can still be given by the state supreme court where the present complainant is now an appellant. In the Callicotte Case the court commented on this fact at page 810 of 267 F., 16 A.L.R. 386: "As to the last element, it is to be noted that at the time of the trial in the court below appeals were pending in the Supreme Court of Missouri from the original judgment, and also from the order denying the writ of error coram nobis. This condition of affairs—the possibility that the plaintiff company might obtain relief at law in the state court in the original case—apparently had considerable influence, and properly so, in causing the trial court to deny relief in the present suit. But the remedy at law has now been exhausted and yet the merits of the company's application for relief have not been passed upon in the state courts." It is apparent that the pending appeal in the state courts is a factor of material distinction. Complainant's second argument must also be overruled.

The motion to dismiss will be granted, with costs in favor of the defendants.