**DALLASEGA et al. v. VICTORIA AMUSE-MENT ENTERPRISES, Inc.**

No. 823.

District Court, M. D. Pennsylvania.

March 21, 1942.

Carpenter & Carpenter, of Sunbury, Pa., and Miller Alanson Johnson, of Lewisburg, Pa., for plaintiffs.

Mercer B. Tate, Jr., of Philadelphia, Pa., and William I. Troutman, of Shamokin, Pa., for defendant.

ALBERT L. WATSON, District Judge.

This action was brought by the Plaintiffs, stockholders in the Defendant corporation, against the Defendant praying for the appointment of a receiver for the Defendant Company and a decree winding up the affairs of the Defendant and the distribution of its assets. An answer was filed to the Complaint, and the matter came on for final hearing. From the evidence received the facts are found to be as follows:

The Plaintiffs are stockholders of the Defendant and citizens of Pennsylvania. The Defendant is a Delaware corporation registered to do business in Pennsylvania and having its assets, books of account, and other records in Pennsylvania. The matter in controversy, exclusive of interest and costs, exceeds the sum of $3,000. The Defendant's officers are all residents of Pennsylvania. The Defendant has outstanding seven thousand, two hundred eighty-five and fifty-five hundredths (7285.-55) shares of common stock and ninety seven and five-tenths (97.5) shares of preferred stock. The Plaintiffs were shareholders during the entire period from November 1937 when a state court receivership was terminated and the Defendant began to function under its own management to the present time. The Defendant has paid its current operating expenses in the ordinary course of its business. The Defendant has outstanding mortgages in the sum of $583,500.00 and is in default in its amortization payments upon these mortgages in the sum of $80,000.00. There is no indication that any creditor is threatening to or is about to institute proceedings to enforce payment of his debt. The Plaintiffs were directors of the Defendant from November of 1937 to February of 1941. The Defendant has not been fraudulently or grossly mismanaged.

### Discussion.

There is no doubt as to the existence of jurisdiction in this court in this case inasmuch as diversity of citizenship is clearly present and the amount in controversy exceeds the sum of three thousand dollars. Furthermore, there can be no doubt as to the jurisdiction of this court,

as a court of equity, to appoint a receiver in this case and liquidate and distribute its assets even though the Defendant is a foreign corporation. Cunliffe v. Consumers' Association of America, 280 Pa. 263, 124 A. 501, 32 A.L.R. 1348; Wettengel v. Robinson, 288 Pa. 362, 136 A. 673; Williamson v. Missouri-Kansas Pipe Line Co., 7 Cir., 56 F.2d 503; Rogers v. Guaranty Trust Co. of New York, D.C., 60 F.2d 106. The question is one of expediency and of discretion rather than of jurisdiction. This is all the more true where as here the corporation is purely a local concern and rests its claim of being a foreign corporation only upon the fact of its incorporation in a state other than Pennsylvania. Cunliffe v. Consumers' Association of America, supra.

The Plaintiffs have alleged a variety of grounds for a receiver and for the winding up of the affairs of the Defendant, none of which has received any great support in the evidence. Insofar as the alleged mismanagement and fraud are concerned, the evidence discloses that these charges are without any foundation.

The record does not contain sufficient evidence from which the Court can make a proper finding as to the solvency of the Defendant. However, during the course of the trial it was assumed that the fair value of the Defendant's assets exceeded its liabilities. The principal ground for relief is based upon evidence tending to show that the Defendant is not now operating at a profit and that it is unable to comply with the amortization provisions of its mortgages. Thus, it is contended that the Defendant is insolvent under the equity rule, and that the Defendant's assets should be liquidated to prevent their dissipation through further unprofitable operation.

Testimony offered in behalf of the Defendant, tends to show that the financial condition of the Defendant is improving, and that negotiations to reduce the interest rate on its secured indebtedness and adjust the difficulties of the Defendant with regard to its amortization payments are now in progress with reasonable expectation of their successful termination.

 As the granting of the relief prayed for is a matter of discretion, the question to be determined here is whether or not the facts as set forth above make out a case requiring the exercise of the jurisdiction of this Court. I think that they do not. The exercise of equitable powers to wind up a corporation is a drastic step which should not be taken unless clearly required for the protection of the stockholders or the public generally. Here, assuming that the Defendant is insolvent, there is no evidence that the affairs of the corporation can be better managed by a receiver appointed by the Court, nor does it appear that the assets of the Defendant are about to be dissipated by legal proceedings brought to enforce the collection of the Defendant's debts; in fact, the evidence tends to show the contrary. Under these circumstances, I believe that it would be an abuse of discretion to grant the relief prayed for. Gordon v. Ominsky, 294 U.S. 186, 55 S.Ct. 391, 79 L.Ed. 848; McDougall v. Huntingdon & Broad Top R. R. & C. Co., 294 Pa. 108, 143 A. 574.

### Conclusions of Law.

1. The Court has jurisdiction of the parties and subject matter.

2. The Defendant is entitled to judgment.

Now, March 21, 1942, it is ordered that judgment be, and it is hereby, entered in favor of the Defendant and against the Plaintiffs.