Duncan G. HARRIS, et al., Plaintiffs,

v.

The CONNECTICUT LIGHT AND POWER COMPANY, Defendant.

No. 5083.

United States District Court, D. Connecticut, Civil Division.

Oct. 28, 1954.

John R. Cuneo, Lovejoy & Cuneo and Robert B. Seidman, Norwalk, Conn., for plaintiffs.

Walter F. Torrance, Sr., Carmody & Torrance, Waterbury, Conn., for defendant.

ANDERSON, District Judge.

This is a motion to dismiss the plaintiffs' complaint on the ground that under the circumstances of the case the court should not exercise its jurisdiction over the subject matter. The case is in this court on diversity of citizenship of the parties.

The defendant is a public utility, chartered by the legislature of the State of Connecticut, and is engaged in generating and distributing electricity in various parts of the state. It is the owner of Manresa Island located in a "B" residence zone in the Town of Norwalk. On November 24, 1952, the defendant applied to the Zoning Commission to locate a steam electric generating plant on the island. On January 19, 1953, the Commission entered an order authorizing the defendant to build the plant there. The plaintiffs, property owners in the Harbor View Section of Norwalk, claim: that the establishment of the generating plant is a heavy industrial use which cannot be carried on in a "B" residence zone; that such use will be damaging to their properties; that the applicable Connecticut Statute, Section 5646 of the 1949 Revision, was not complied with; that the Zoning Commission had no power to act under the Statute; and that in any event the Statute is, for various reasons, unconstitutional under both the Federal and State Constitutions.

Under an appeal provision in the Statute, parties in interest, other than the plaintiffs, appealed the order of January 19, 1953, of the Norwalk Zoning Commission to the Connecticut State Public Utilities Commission and that appeal is now pending. Meanwhile, parties in interest other than the plaintiffs sought and procured a declaratory judgment by the Supreme Court of Errors of the State of Connecticut declaring that the

order of January 19, 1953, was valid, that Section 5646 of the Statutes is constitutional, and that the Public Utilities Commission has the right and power in the appeal now pending before it to affirm or modify or revoke the order of January 19, 1953, or make any order in substitution for it. This judgment was handed down on February 9, 1954, Jennings v. Connecticut Light and Power Company, 140 Conn. 650, 103 A.2d 535.

The plaintiffs in this action seek to enjoin the defendant from constructing the generating plant. Whether this court should exercise its jurisdiction for this purpose under the circumstances is a matter of discretion. Beal v. Missouri Pacific R. Corp., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577; and Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424.

The zoning laws and the regulation of public utilities within a state are matters peculiarly identified with state and local governments. Over many years through innumerable public and special acts of the state legislature and rulings of the various commissions, more precisely defined and also trimmed to constitutional standards by the courts, there has emerged a pattern or policy relative both to zoning and the regulation of utilities which is responsive to the social and economic needs of the people of Connecticut.

For the Federal court through the use of the injunctive weapon to cut through this fabric or impose its own pattern upon it would not be in the public interest unless it appeared that rights of the petitioners were being prejudiced and either that there was no adequate machinery in the State system to protect those rights or that for some reason the petitioners were prevented from availing themselves of it or that there existed such bias, unfairness or prejudice in the State's system of review that a fair and impartial consideration of their claims could not be had, or that the petitioners would suffer immediate and irreparable injury. None of these exceptions are present in this case, and the exercise of Federal jurisdiction should be denied.

"The diversity jurisdiction was not conferred for the benefit of the federal courts or to serve their convenience. Its purpose was generally to afford to suitors an opportunity in such cases, at their option, to assert their rights in the federal rather than in the state courts. In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment. * * *

"The exceptions relate to the discretionary powers of courts of equity. An appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity. * * * Exercise of that discretion by those, as well as by other courts having equity powers, may require them to withhold their relief in furtherance of a recognized, defined public policy. Di Giovanni v. Camden Insurance Ass'n, 296 U.S. 64, 73, 56 S.Ct. 1, 5, 80 L.Ed. 47, and cases cited. It is for this reason that a federal court having jurisdiction of the cause may decline to interfere with * * * the state administrative function of prescribing the local rates of public utilities, Central Kentucky Gas Co. v. Railroad Commission, 290 U.S. 264, 271, 54 S.Ct. 154 [78 L.Ed. 307], et seq. and cases cited; or to interfere, by appointing a receiver, with the liquidation of an insolvent state bank by a state administrative officer, where there is no contention that the interests of creditors and stockholders will not be adequately protected, Commonwealth of Pennsylvania v. Williams, 294 U.S. 176,

55 S.Ct. 380, 79 L.Ed. 841; Gordon v. Ominsky, 294 U.S. 186, 55 S.Ct. 391, 79 L.Ed. 848; Gordon v. Washington, 295 U.S. 30, 55 S.Ct. 584, 79 L.Ed. 1282; cf. Kelleam v. Maryland Casualty Co., 312 U.S. 377, 381, 61 S.Ct. 595, 598, 85 L.Ed. 899. Similarly it may refuse to appraise or shape domestic policy of the state governing its administrative agencies. Railroad Commission [of Texas] v. Rowan & Nichols Oil Co., 311 U.S. 570, 61 S.Ct. 343, 85 L.Ed. 358; Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424. * * *" Meredith v. City of Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9.

■ In addition it might be noted that no reason has been advanced as to why the plaintiffs should remain strangers to the pending appeal to the Connecticut Public Utilities Commission or why they should not seek equitable relief in the State Courts. Federal jurisdiction should not, as this matter now stands, be invoked before there has been a definitive ruling by the State Courts. It is possible that the reviewing authorities of the State may ultimately decline to permit the defendant to establish its plant on Manresa Island. In any event the plaintiffs can join in seeking that definitive ruling with full opportunity to present their constitutional claims.

■ "As adequate state court review of an administrative order based upon predominantly local factors is available to appellee, intervention of a federal court is not necessary for the protection of federal rights. Equitable relief may be granted only when the District Court, in its sound discretion exercised with the 'scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts,' is convinced that the asserted federal right cannot be preserved except by granting the 'extraordinary relief of an injunction in the federal courts.' Considering that 'few pub-lic interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies,' the usual rule of comity must govern the exercise of equitable jurisdiction by the District Court in this case. Whatever rights appellee may have are to be pursued through the state courts. * * *" Alabama Public Service Commission v. Southern Ry. Co., 341 U.S. 341 at pages 349, 350, 71 S.Ct. 762, at page 768, 95 L.Ed. 1002.

The motion to dismiss is granted.