Glen M. TAIT, Trustee, Plaintiff,

v.

ANDERSON BANKING COMPANY, Sofia Paul, Bulah Hoover and JoAnne Collins, Defendants.

No. IP 58–C–304.

United States District Court
S. D. Indiana,
Indianapolis Division.

March 5, 1959.

Fred Albert, Minneapolis, Minn., for plaintiff.

Carl F. Morrow, Anderson, Ind., for defendant Anderson Banking Co.

Walter F. Jones, Jr., Indianapolis, Ind., for defendants Sofia Paul, Bulah Hoover and JoAnne Collins.

STECKLER, Chief Judge.

This cause came before the court upon the motion to dismiss filed by the defendants, Sofia Paul, Bulah Hoover and JoAnne Collins, and upon the "Answer in Interpleader," filed by the defendant, Anderson Banking Company. In its Answer in Interpleader, the defendant, Anderson Banking Company, seeks to add as an additional party defendant, one Clarence D. Rotruck, as Trustee, so as to have him "answer as to his interest." [1]

■ That it would be better for the court and the parties presently before the court to have the additional party joined can hardly be questioned, but since the defendant, Anderson Banking Company, has not met the requirements of the federal interpleader statute, 28 U.S.C.A. § 1335, in that it has not deposited or paid into the registry of the court the sum here in controversy, or given bond payable to the clerk conditioned as required by the statute, the proposed interpleader cannot be acted upon by the court, particularly if it is to be treated strictly as an

---

1. The defendant, Anderson Banking Company, alleges that it is the duly appointed, qualified and acting Executor of the estate of Earl S. Collins, deceased, which estate is presently being administered in the Madison County, Indiana, Superior Court. That it has in its hands as such Executor for distribution to the person or persons entitled thereto the sum of $27,743.27, which sum represents the balance available for distribution to the beneficiary or beneficiaries of the estate of Earl S. Collins.

The answer then states that on September 16, 1958, the Madison County, Indiana, Superior Court entered an order, a copy of which was attached to the answer, appointing Clarence D. Rotruck and Glen M. Tate as co-trustees under the will, and required them to qualify within 10 days thereafter. Further, it is alleged that upon the failure and refusal of Glen M. Tate to qualify as such trustee, the court appointed Clarence D. Rotruck as the sole trustee under the will and accepted his bond; that said Clarance D. Rotruck as trustee has made and is making demand upon the defendant, Anderson Banking Company, "pursuant to said order for distribution to him of the same sum demanded by plaintiff herein."

The answer then alleges that by reason of these conflicting claims, the defendant, Anderson Banking Company, is in great doubt as to which of said claimants is entitled to distribution of the net estate remaining in its hands.

It is prayed that Clarence D. Rotruck, as trustee, be made a party to this action to answer as to his interest; that the plaintiff and said Clarence D. Rotruck be required to interplead and settle between themselves their rights to the sum in its hands; that it be discharged from all liability except to the person whom this court shall adjudge to be entitled to such sum, and for its costs in this proceeding.

action for interpleader. Whether the proposed additional party is an indispensable party is another question. Since that question is not now before the court, suffice it to say that should the question be raised, it will be met and disposed of at the proper time. In view of what has here been said, the request of the defendant, Anderson Banking Company, to add Clarence D. Rotruck, as Trustee, is, for the present, denied.

Turning now to the motion to dismiss, it will be noted that it is premised upon the ground "that the court lacks jurisdiction of the subject matter and of the parties in that the plaintiff lacks capacity to sue."

The plaintiff, a nonresident of the State of Indiana, brings this action as the trustee of a testamentary trust under the last will and testament of Earl S. Collins. In his complaint the plaintiff alleges that John L. Collins, the cestui que trust, is an incompetent and an inmate of the Minnesota State Hospital at Hastings, Minnesota; that plaintiff has been duly appointed trustee by the District Court of Washington County, State of Minnesota, and has qualified and is now acting as said trustee of the testamentary trust created by the deceased, John (sic) S. Collins. He further alleges that he is entitled to possession and custody of the assets (remaining) of the estate of John (sic) S. Collins, subject to the jurisdiction of the District Court of the State of Minnesota; that though due demand has been made therefor, the defendant, Anderson Banking Company, has failed and refuses to deliver the assets of the decedent's estate to be used for the benefit of John L. Collins.

The decedent, Earl S. Collins, died testate June 25, 1956, while domiciled and residing in the State of Indiana. The complaint alleges that the plaintiff, Glen M. Tait, Trustee, and the cestui que trust, John L. Collins, in whose behalf the action is brought, are citizens of the State of Minnesota; that each of the defendants is a citizen of the State of Indiana, and that the matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000. The action, therefore, is here by reason of diversity of citizenship and the amount in controversy pursuant to Title 28 U.S.C.A. § 1332. Thus the court has jurisdiction of the parties and the subject matter and must exercise that jurisdiction unless it is otherwise by law precluded from doing so. It could only be precluded from acting if this action and the proceedings in the state court are both actions *in rem* or *quasi in rem* and jurisdiction over the *res* has previously settled in the state tribunal, and if the action in this court would interfere with the orderly administration of the *res* in the state tribunal. Markham v. Allen, 1945, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256.

The pleadings before this court establish beyond question the following: The decedent, Earl S. Collins, while a resident of Madison County, Indiana, made his last will and testament, by which he provided that after the payment of his just debts, should his son, John Lewis Collins, survive him, then in that event, all of the remainder and balance of his estate of every kind and character and wheresoever situated, whether real estate, personal property or mixed, be given, devised and bequeathed to Glen M. *Tate* (sic) of St. Paul Park, Minnesota, as trustee, to be held by him in trust for and during the life of the decedent's said son, John Lewis Collins, for the use and purposes set out in the will. In his will the decedent directed that the trustee of the testamentary trust is to have the full and complete authority to take possession, custody and control of all of the property and assets of his estate which remains after the payment of the debts and obligations thereof and the costs of administration; that the trustee is to have the possession, custody and control of such property during the life of the decedent's son, John Lewis Collins, should said son survive the decedent, the testator. The trustee by the will is directed to use said estate in caring and providing for the decedent's son, and the trustee is authorized and empowered by the will to sell and dispose of said assets, to reinvest

the proceeds of such sales in securities as may be approved by the court. [No reference is made to the court that is to have the judicial control over the administration of the trust *res*.] The will goes on to provide that the trustee is authorized and empowered to do any and all things necessary to provide the son with a home, medical care, food, clothing and any and all things necessary to provide the son the comforts of life, including such services as may be necessary for hospital, medical and nursing care. This particular item of the decedent's will concludes by saying,

> "It is my intention by this Item of my Will to provide for the comfortable and reasonable maintenance and support of my said son during his life time even though it is necessary to use all the balance and remainder of my property and estate for such purposes, and to provide for my son a decent and respectable burial in the event of his death."

By Item III of his will, the decedent provided that any balance and remainder of the trust *res* not used for the care and benefit of the decedent's son as set out in the will, is to go to the decedent's nieces, the individual defendants named in this lawsuit, share and share alike, or in the event one of them should predecease the testator's son, then the share of such predeceased niece is to go to her children, but if such niece dies leaving no children, her share is to go to the decedent's surviving nieces or their children.

By Item IV of his will, the testator provided that in the event his son be not living at the time of his death, then the balance and remainder of the entire estate, after payment of debts, is to go to the named individual defendants herein, share and share alike, or to the surviving children of a predeceased niece, but if a predeceased niece leaves no children, then her share is to go to the surviving nieces or to their children.

The testator nominated and appointed Carl F. Morrow of Anderson, Indiana, as the executor of the will, but later by codicil he appointed the defendant, Anderson Banking Company, as the executor and requested that Mr. Morrow be engaged as attorney for the executor in the administration of the estate. The same attorney now represents the defendant banking company in this proceeding.

The pleadings further disclose that the decedent's estate in the state court has been fully administered and the executor is ready to file his final report. It is, however, also disclosed that the executor petitioned the state court to appoint a trustee "as provided by the will" in order to enable the executor to make distribution of the net estate. See Footnote 1 supra. From an entry of the state court dated September 16, 1958, attached to the Answer in Interpleader, it is shown that the state court, finding the testamentary trustee, Glen M. Tate, not to be a resident of the State of Indiana, but a resident of the State of Minnesota, further found "that it would be to the best interest of the trust herein, and all parties interested in said trust, that there be appointed, with the said Glen M. Tate, a co-trustee, and that said co-trustee be a resident of Madison County, Indiana." After finding that all of the assets of the estate were situated in Madison County, Indiana, the court proceeded to appoint Clarence D. Rotruck, a resident of that county, and Glen M. Tate, "as co-trustees to carry out the terms of said will, in the manner therein set forth." Bond was fixed in the amount of $32,000.00 and the co-trustees ordered to qualify in ten days by giving bond in that amount to be approved by the court. The court then appointed Carl F. Morrow as attorney in the administration of the trust.

By an order of September 26, 1958, the state court appointed Clarence D. Rotruck as sole trustee under the will of the decedent. This apparently was done, as the order discloses, by reason of the failure and refusal of the designated testamentary trustee to qualify as a co-trustee as previously ordered by the court and by notice from his attorney, Fred

Albert, of Minneapolis, Minnesota, that he, Tate, declined to serve as a co-trustee.

It is evident from the pleadings that the defendant, Anderson Banking Company, as executor, has never paid over to Clarence D. Rotruck, the court appointed sole trustee, the balance of the estate remaining in its hands.

This being the posture of the case, the questions thus presented are: Has the nonresident trustee of a testamentary trust the legal capacity to sue in a federal district court in his own behalf and on behalf of the cestui que trust, the named Indiana defendants for a determination of his rights in and to the undistributed sum still remaining in the hands of the executor of the decedent's estate, which, although fully administered, is still pending in the state court? Does the fact that the nonresident testamentary trustee refused to qualify as a co-trustee in the state court having jurisdiction and control of the trust *res*, bar further proceedings in this court to determine the testamentary trustee's rights therein?

In Markham v. Allen, supra, the Supreme Court held that a federal district court had jurisdiction of a suit by the alien property custodian against an executor and resident heirs to determine the custodian's asserted right to share in the decedent's estate which was in the course of probate administration in a state court. 326 U.S. at pages 491, 496, 66 S.Ct. at pages 297, 299.

In that case, the custodian brought the suit in a United States district court [Crowley v. Allen, 52 F.Supp. 850] seeking a judgment determining that the resident claimants had no interest in the estate, and that the custodian, by virtue of his vesting order, was entitled to the entire net estate of the decedent after payment of expenses of administration, debts, and taxes, and was the owner of specified real estate of decedent passing under the will. The complaint prayed that the executor be ordered to pay the entire net estate to the custodian upon the allowance by the state court of the executor's final account.

Mr. Chief Justice Stone, speaking for the court said at page 493 of 326 U.S., at page 298 of 66 S.Ct. in reversing the Court of Appeals for the Ninth Circuit [147 F.2d 136] and sustaining the district court,

"It is not denied that the present suit is a suit 'of a civil nature * * * in equity,' brought by an officer of the United States, authorized to sue, of which district courts are given jurisdiction by § 24(1), 28 U.S.C. § 41(1), of the Judicial Code [28 U.S.C.A. § 41(1)]. But respondents argue, as the Circuit Court of Appeals held, that as the district courts of the United States are without jurisdiction over probate matters, see [In re] Broderick's Will, 21 Wall. 503, 517 [22 L.Ed. 599]; Byers v. McAuley, 149 U.S. 608, 615 [13 S.Ct. 906, 908, 37 L. Ed. 867], which the Court of Appeals thought are not 'cases or controversies within the meaning of Art. III of the Constitution,' and since the present suit to determine heirship of property being administered in a state probate court is an exercise of probate jurisdiction, the district court is without jurisdiction.

"It is true that a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789 and [1 Stat. 73], § 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters. Kerrich v. Bransby, 7 Brown P. C. 437; Barnesley v. Powel, 1 Ves.Sen. 284; Allen v. Macpherson, 1 Phillips 133, 1 House of Lords Cases 191; [In re] Broderick's Will, supra; Farrell v. O'Brien, 199 U.S. 89 [25 S.Ct. 727, 50 L.Ed. 101]; Sutton v. English, 246 U.S. 199, 205 [38 S.Ct. 254, 256, 62 L.Ed. 664]. But it has

been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court. Waterman v. Canal-Louisiana Bank [& Trust] Co., 215 U.S. 33, 43 [30 S.Ct. 10, 12, 54 L.Ed. 80], and cases cited. See Sutton v. English, supra [246 U.S.] 205 [38 S.Ct. 256, 62 L.Ed. 664]; United States v. Bank of New York [& Trust] Co., 296 U.S. 463, 477 [56 S.Ct. 343, 347, 80 L.Ed. 331]; Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 619 [56 S.Ct. 600, 602, 80 L.Ed. 920]; United States v. Klein, 303 U.S. 276 [58 S.Ct. 536, 82 L.Ed. 840]; Princess Lida v. Thompson, 305 U.S. 456, 466 [59 S.Ct. 275, 280, 83 L.Ed. 285].

"Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, Penn [General Casualty] Co. v. Pennsylvania, 294 U.S. 189, 195, 196 [55 S.Ct. 386, 388, 389, 79 L.Ed. 850], and cases cited; United States v. Bank of New York [& Trust] Co., supra [296 U.S.] 477, 478 [56 S.Ct. 347, 348, 80 L.Ed. 331], and cases cited, it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court. Commonwealth Trust Co. v. Bradford, supra [297 U.S.] 619 [56 S.Ct. 602, 80 L.Ed. 920]; United States v. Klein, supra [303 U.S.] 281 [58 S.Ct. 538, 82 L.Ed. 840], and cases cited.

"Although in this case petitioner sought a judgment in the district court ordering defendant executor to pay over the entire net estate to the petitioner upon an allowance of the executor's final account, the judgment declared only that petitioner 'is entitled to receive the net estate of the late Alvina Wagner in distribution, after the payment of expenses of administration, debts, and taxes.' The effect of the judgment was to leave undisturbed the orderly administration of decedent's estate in the state probate court and to decree petitioner's right in the property to be distributed after its administration. This, as our authorities demonstrate, is not an exercise of probate jurisdiction or an interference with property in the possession or custody of a state court.

"There remains the question whether the district court having jurisdiction should, in the exercise of its discretion, have declined to entertain the suit which involves issues of state law and have remitted the petitioner to his remedy in the state probate proceeding. See Thompson v. Magnolia [Petroleum] Co., 309 U.S. 478, 483 [60 S.Ct. 628, 630, 84 L.Ed. 876]; Railroad Commission [of Texas] v. Pullman Co., 312 U.S. 496 [61 S.Ct. 643, 85 L.Ed. 971]; [City of] Chicago v. Fieldcrest Dairies, 316 U.S. 168 [62 S.Ct. 986, 86 L.Ed. 1355]; compare [Commonwealth of] Pennsylvania v. Williams, 294 U.S. 176, 182–186 [55 S.Ct. 380, 383–385, 79 L.Ed. 841]. Gordon v. Ominsky, 294 U.S. 186 [55 S.Ct. 391, 79 L.Ed. 848]; Gordon v. Washington, 295 U.S. 30, 39 [55 S.Ct. 584, 589, 79 L.Ed. 1282]; United States v. Bank of New York [& Trust] Co., supra [296 U.S.] 480 [56 S.Ct. 348, 80 L.Ed. 331]. The mere fact that the district court, in the exercise of the jurisdiction which Congress has conferred upon it, is required to interpret state law is not in itself a

sufficient reason for withholding relief to petitioner. Meredith v. [City of] Winter Haven, 320 U.S. 228 [64 S.Ct. 7, 88 L.Ed. 9]. This is the more so in this case because § 17 of the Trading with the Enemy Act, 50 U.S.C.App. § 17 [50 U.S.C.A.Appendix § 17], specially confers on the district court, independently of the statutes governing generally jurisdiction of federal courts, jurisdiction to enter 'all such orders and decrees * * * as may be necessary and proper in the premises to enforce the provisions' of the Act. Although the district court has jurisdiction of the present case under § 24(1) of the Judicial Code, irrespective of § 17, the latter section plainly indicates that Congress has adopted the policy of permitting the custodian to proceed in the district courts to enforce his rights under the Act, whether they depend on state or federal law. The cause was therefore within the jurisdiction of the district court, which could appropriately proceed with the case, and the Court of Appeals erroneously ordered its dismissal."

The foregoing voluminous quote has been set out verbatim because it so succinctly states the law in an area in which much confusion exists and over which the bench and bar have been prone to go in different directions.

See also Mandeville v. Canterbury, 1943, 318 U.S. 47, 63 S.Ct. 472, 87 L.Ed. 605, reversing 7 Cir., 1942, 130 F.2d 208 which, by implication, sustained the jurisdiction of the federal district court in a somewhat analogous situation to construe, while proceedings in a state probate court were pending, a will for the purpose of determining the plaintiff's rights in trust estates created by the will. For further citations, see Annotation, Jurisdiction of Federal Courts, in cases of diversity of citizenship, over suit affecting probate or other matters concerning administration of decedent's estate. 158 A.L.R. 9.

A testamentary trustee is under a strict duty to secure possession of the trust res and administer the trust according to the terms prescribed by the testamentary settlor. 90 C.J.S. Trusts § 263; 32 A.L.R. 931; 3 Bogert Trusts and Trustees, § 583. He is the holder of the legal title and the cestui que trust takes the equitable estate. 90 C.J.S. Trusts §§ 175, 180.

In Indiana mere nonresidence of a trustee does not preclude him from asserting his right to possession of the trust property. The policy in Indiana was early stated in legislation restricting qualifications of nonresident trustees in express trusts created by deed, mortgage or writing. Rev.St.Ind.1881, § 2988 (Burns' Ann.St. § 56–620). This statute, although later declared unconstitutional as respects nonresident trustees, specifically excepted trusts created by wills. 27 Ind.Dig., Trusts, ☞159; Johnston v. State, 212 Ind. 375, at page 381, 8 N.E. 2d 590, at page 593, 10 N.E.2d 40; Farmers' Loan & Trust Co. v. Chicago & A. Ry. Co., C.C., 27 F. 146; Robey v. Smith, 131 Ind. 342, 30 N.E. 1093, 15 L.R.A. 792, 31 Am.St.Rep. 439; Thompson v. Edwards, 85 Ind. 414, 417; Kist v. Coughlin, 222 Ind. 639, 57 N.E.2d 199, 204, 586. As a general rule, in the absence of a statute to the contrary, a nonresident may act as trustee. 90 C.J.S. Trusts § 206. So far as this court is able to find, Indiana has no such inhibiting statute. Here too his rights flow from the will and he is bound to carry out the intent of the testator as expressed in the will. Robison v. Elston Bank & Trust Co., 113 Ind.App. 633, 48 N.E.2d 181, rehearing denied 113 Ind.App. 633, 49 N.E. 2d 348. See also Bray v. Old National Bank in Evansville, 113 Ind.App. 506, 48 N.E.2d 846.

In Indiana it is also the law that where a trustee is appointed by will, the court cannot remove such trustee arbitrarily. Ex parte Kilgore, 120 Ind. 94, 22 N.E. 104; Wilson v. Edmonds, 78 Ind. App. 501, 136 N.E. 48.

By its new Probate Code (1954), Indiana has made provision for the appointment of co-executors and co-administrators, Burns' Ind.Stat. § 7–401, but this court fails to find statutory authority providing for the appointment of co-trustees as was done in this instance.

Since it is obvious from the pleadings before the court that the estate of the decedent has been fully administered and that the court-appointed trustee has taken no active steps to administer the trust for the benefit of the cestui que trust as intended by the testamentary settlor, it follows that if this court exercises jurisdiction merely to determine the plaintiff's right to the net balance in the decedent's estate intended to be placed in trust, it certainly would in no way be interfering with the orderly administration of the probate proceedings in the state court.

Up to this date the cestui que trust has derived no benefit from his father's generous bequest and primary concern for his welfare and comfort.

As to the court's second question, whether the testamentary trustee's failure and refusal to qualify as a co-trustee now divests him of the capacity to sue in this action, the answer depends upon facts which can only be determined upon a submission of the evidence and the application of the law pertaining thereto. That is to say, there are questions which must be determined before this court can say that the plaintiff is barred from proceeding herein. For example, did the plaintiff refuse to qualify as the sole testamentary trustee in the Indiana court? Was he given an opportunity to so qualify? Under the terms of the trust, the law of Indiana, and the existing circumstances, was he required to do so? What is the situs of the trust or the place of performance of the trustee's active duties? Under the laws of which state is the trust to be administered? Has the plaintiff been dilatory in seeking a determination of his rights in this court? Information in addition to that which can be gained from a reading of the pleadings is required to enable the court to resolve these questions. And whether this court has jurisdiction to determine the plaintiff's rights as testamentary trustee in the net estate of the decedent depends to a certain extent upon the answers to these questions.

Accordingly, the motion of the defendants, Sofia Paul, Bulah Hoover and Jo-Anne Collins, to dismiss the complaint for lack of plaintiff's capacity to sue, should be and the same is hereby overruled.